## CATHCART v. THOMAS.

CONTRACT. *Consideration. Forbearance to sue.* An agreement to forbear for a time, proceedings at law or in equity, to enforce a well founded claim is a valid consideration for a promise. Nor need the agreement to a delay be for a time certain, for it may be a reasonable time only, and yet be a sufficient consideration for a promise. But in declaring on a promise made on such a consideration, the plaintiff must allege and prove the actual time of forbearance, and if this be judged by the court to be reasonable, the action will be sustained; but where the stay of action is wholly uncertain, or such as can be of no benefit to the debtor, or detriment to the creditor, it is not enough.

### FROM MONROE.

Appeal from the Circuit Court.   ELIJAH T. HALL, Judge.

G. W. PICHEL for plaintiff.

BROWN & HICKS for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Thomas and Denton as administrators of A. B. Denton, sued Jos. Cathcart before a justice of the peace of marion county on a note for two hundred and fifty dollars, executed by Isaac Denton as principal, and Jos. Cathcart as surety, payable to A. B. Denton. Jos. Cathcart signed his name as surety several years after the note was executed by Isaac Denton, the principal.

Jos. Cathcart resisted a judgment upon the ground that there was no valid consideration for his promise to pay the note. To show a valid consideration for the promise, the administrators proved that Cathcart admitted that "he proposed to A. B. Denton to sign the note as security, if he would wait awhile on Isaac Denton."

The question before the jury was, whether this evidence was sufficient to show a valid consideration for Cathcart's promise to pay the note? In reference to this question the circuit judge charged the jury, that "an agreement on the part of A. B. Denton to 'wait awhile' on Isaac Denton for the debt 'if Cathcart would sign the note,' as security, would not of itself be such consideration as would support Cathcart's undertaking, but it would require an agreement to wait for some definite period of time to form a sufficient consideration for the undertaking. That if Cathcart, the defendant, proposed to A. B. Denton to sign

said note as security if he 'would wait awhile' on Isaac Denton, that he, Cathcart, would not be bound by such promise, unless said proposition was accepted by A. B. Denton."

We understand the judge to charge, first, that a promise to pay, based upon agreement to "wait awhile," would not be binding for want of a sufficient consideration, because no definite time of delay was agreed on; but in the next place, that a promise to pay, based upon a proposition to become surety if A. B. Denton would wait awhile, would be binding on Cathcart, if A. B. Denton accepted the proposition. The two propositions seem to us to be irreconcilable. The first is, that an agreement to wait awhile would not be sufficient, and the other is, that a proposition to sign as security if Denton would wait awhile would be sufficient if Denton agrees to the proposition.

We are unable to see how the jury could apply the charge, as given, to the proof.

It is said by Mr. Parsons in his work on Contracts, vol. 1, 440, that "an agreement to forbear for a time, proceedings at law or in equity, to enforce a well founded claim, is a valid consideration for a promise." Further on, page 442, "nor need the agreement to a delay be for a time certain, for it may be a reasonable time only, and yet be a sufficient consideration for a promise. But in declaring on a promise made on such a consideration, the plaintiff must allege and prove the actual time of forbearance, and if this be judged by the court to be reasonable, the action will be sustained; but when the stay of

action is wholly uncertain, or such as can be of no benefit to the debtor or detriment to the creditor, it is not enough."

As this was a case originating before a justice of the peace, we are to presume that the case was tried on proper averments, and assuming that the jury were satisfied that A. B. Denton agreed to wait awhile, if the proof showed that Denton did forbear in consequence of this promise, and showed also the actual time of forbearance, then, under the charge of the judge, that if Denton accepted Cathcart's proposition the promise would be binding, there was no error in the finding of the jury or in the judgment of the court. The error in the charge in first telling the jury that a promise to be binding must be based on an agreement to "wait a definite time," was an error in favor of Cathcart, and he cannot take advantage of it in this court. It appears from the proof that the proposition for delay was accepted, and that suit was not brought on the note until about five years after Cathcart signed it as surety, and that at the time he signed he had means in his hands as agent of Isaac Denton, the principal, with directions to pay the note, and there is evidence making it probable that the delay was procured by Cathcart because he had these means in his hands and he apprehended the commencement of legal proceedings to reach them.

We think the proof fully sustains the finding of the jury, that the merits of the case have been reached, and that there is no error in the charge of which Cathcart can complain, judgment is therefore affirmed.