LOOKOUT MOUNTAIN RAILROAD COMPANY and others
*r.* HOUSTON and others.

(*Knoxville.*   October 29th, 1886.)

STATUTE OF FRAUDS.   *Promise to pay the debt of another.   Original under-
taking.*

A verbal promise to pay the debt of another, made upon a valid con-
sideration, passing at the time to the promisor, is a new and oiiginal
undertaking, and not within the statute of frauds.

Cases cited and approved: Moore & Miller *v.* Stovall, 2 Lea, 543 (over-
ruling Campbell *v.* Findly, 3 Hum., 330); Randle *v.* Harris, 6 Yer.,
509; Macon *v.* Sheppard, 2 Hum., 338; Mills *v.* Mills, 3 Head, 711.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County.
W. M. BRADFORD, Ch.

PHELAN & GOREE for Complainants.

CLIFT & BATES for Respondents.

FOLKES, J.   This is a bill filed originally by the
Lookout Mountain Railroad Company against R.
G. Houston & Co. and others, but amended so as
to make the "others" complainants.   The bill al-
leges that the complainant, the Lookout Mountain
Company, was a corporation authorized to build and

operate a railroad between Chattanooga, Tenn., and Rome, Ga.; that on the 2d March, 1880, it had entered into a written contract with J. C. Stanton & Co., a firm of railroad contractors, for the building of said road, and the contract is in writing, and exhibited with the bill, showing, among other things, that Stanton & Co. were to receive $8,000 per mile in stock, and $15,000 per mile in first mortgage bonds of said company; that subsequently—to-wit, on the 11th day of May, 1880—the defendants, R. G. Houston & Co., being desirous of obtaining the contract, proposed to the railroad and to Stanton & Co. that the latter surrender their contract, and that the railroad company enter into contract with them to build the road, on the terms stipulated in a written contract then present and exhibited, which proposition was accepted, provided the defendants, Houston & Co., would agree to pay all debts contracted and outstanding due by the railroad company and by J. C. Stanton & Co.; to all of which Houston & Co. then and there agreed. Thereupon the contract for building the railroad was executed as drawn and presented by Houston & Co., which is exhibited with the bill, from which it appears, among other things, that Houston & Co. were to receive $8,000 per mile in stock, and $22,000 per mile in first mortgage bonds. The names of the creditors and the amounts of the debts thus promised to be paid by Houston & Co. in consideration of their being let into this railroad contract

are set out in the bill. The bill then seeks, on behalf of such creditors, to collect the amount of said debts from Houston & Co.

Houston & Co. interpose a demurrer upon several grounds, the only one of which that was pressed in the court below or in this Court is that the bill shows a promise, not in writing, to pay the debt of another, and, as such, is void under the statute of frauds and perjuries.

The demurrer was sustained by the Chancellor, and complainants have appealed.

In this we think there is manifest error. The verbal promise or agreement by Houston & Co. to pay these debts was the consideration for which Stanton & Co. surrendered their contract, and for which the railroad company canceled that contract and entered into a less advantageous one with the defendants.

The contract of Houston & Co. to pay such debts is "a new and original undertaking," upon a valid consideration passing at the time, and does not fall within the statute. *Moore & Miller* v. *Stovall*, 2 Lea, 543, overruling *Campbell* v. *Findley*, 3 Hum., 330. See also *Randle* v. *Harris*, 6 Yer., 509; *Macon* v. *Sheppard*, 2 Hum., 338; *Mills* v. *Mills*, 3 Head, 711.

Reversed and remanded.

Judge Snodgrass, being incompetent, did not sit on the hearing of this case.