JOSEPH TOWNSEND *v.* GEORGE E. NEUHARDT.

(*Jackson.* April Term, 1918.)

1. **FRAUDS, STATUTE OF.** Promise to pay debt of another. Original promise.

Where the promise of a garnishee to pay plaintiff in garnishment a stated sum to be applied on the judgment if he would continue the case to an agreed date was direct and clear as between the parties, the Statute of Frauds as to answering for the debt of another did not apply. (*Post, pp.* 697-699.)

Cases cited and approved: Lookout Mountain Railroad Co. v. Houston, 85 Tenn., 224-226; Brown v. Bussey, 26 Tenn., 573; Hall v. Rodgers, 26 Tenn., 536; Mills v. Mills, 40 Tenn., 705; Randle v. Harris, 14 Tenn., 508; Tappan v. Campbell, 17 Tenn., 436; Cathcart v. Thomas, 67 Tenn., 172; Rivers v. Thomas, 69 Tenn., 649; Macon v. Sheppard, 21 Tenn., 334; McCarty v. Blevins, 13 Tenn., 195.

2. **CONTRACTS.** Consideration. Sufficiency.

A garnishee who was desirous of making a trip to another town in company with defendant in the garnishment proceeding offered to pay $100 to plaintiff if he would continue the case. The object in making the trip was to consummate a deal in coal lands whereby the garnishee expected to profit. *Held,* that the promise was supported by a consideration consisting of the benefit to the garnishee in being able to make the trip regardless of the fact that the expected benefits were not realized. (*Post, pp.* 697-699.)

3. **CONTRACTS.** Consideration. Forbearance.

Where a plaintiff in garnishment, in consideration of $100 paid to him by the garnishee, continued the case, the forbearance on plantiff's part, being a concession of part of his rights, constituted a sufficient consideration for the promise to pay. (*Post, pp.* 697-699.)

Townsend v. Neuhardt.

4. CONTRACTS. Consideration. Sufficiency.

To support a contract, the consideration does not have to be adequate; it need only be valuable. (*Post, pp.* 697-699.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—H. W. LAUGHLIN, Judge.

R. H. STICKLEY, for plaintiff.

C. W. ANDERSON, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The defendant in error had a judgment against one Thompson. He caused an execution to be issued on the judgment, and had plaintiff in error summoned as garnishee. The hearing of the garnishment was set for a day in July. At the time plaintiff in error was summoned he and Thompson had in contemplation a trip to be made by the latter to Pennsylvania to consummate a deal in coal lands. Under an agreement between plaintiff in error and Thompson, if the deal went through, the former was to receive $7,500. He was therefore desirous that Thompson should make the trip. Thompson had also been sum-

moned for examination in the garnishment proceedings against Townsend, and he could not make the trip if he had to remain for that examination. So, in order to release Thompson for his trip, plaintiff in error promised Neuhardt that he would pay him $100, to be subsequently credited on the judgment, if he would continue the garnishment hearing to a day in the future agreed upon. The continuance was granted, and Thompson made the trip, but nothing was ever realized. Thereafter plaintiff in error refused to pay the $100. He was then sued in the present action, and pleaded the statute of frauds, on the ground that the promise was made to answer for the debt, default, or miscarriage of another and was not in writing. He also insisted that there was no consideration. The trial judge rendered judgment against the plaintiff in error. He thereupon appealed to the court of civil appeals, where this judgment was reversed. That learned court held that the contract for the payment of the $100 was a direct one between the plaintiff in error and the defendant in error, but that it was without consideration. The case was then brought to this court on the writ of *certiorari*.

We are of the opinion that the judgment of the court of civil appeals must be reversed, and that of the trial judge affirmed. The promise certainly was direct and clear from plaintiff in error to the defendant in error. When such is the case, the statute of frauds does not apply. *Lookout Mountain Rail-*

*road Co.* v. *Houston,* 85 Tenn., 224-226, 2 S. W., 36;
*Brówn* v. *Bussey,* 7 Humph. (26 Tenn.), 573, 574;
*Hall* v. *Rodgers,* 7 Humph., 536, 540, 541; *Mills* v.
*Mills,* 3 Head (40 Tenn.), 705, 711. The considera-
tion was equally clear. There was a benefit to plain-
tiff in error in securing the release of Thompson in
order that he might make his trip and effect the deal
by which plaintiff in error expected to profit to the
extent of $7,500. It is immaterial that the expecta-
tion did not eventuate in realization, so far as con-
cerned the receiving of profits, since there was a bene-
fit to plaintiff in error in the opportunity afforded
to make the effort to secure the gains which he con-
templated. The extent of the benefit is not material
so far as the existence of the consideration is con-
cerned. *Randle* v. *Harris,* 6 Yerg. (14 Tenn.), 508,
509. Furthermore, the forbearance on the part of
defendant in error to press his action under the
garnishment proceedings for a stated time was like-
wise a consideration for the promise. It is true that,
when the garnishment proceedings, though instituted
on a valid judgment against Thompson, were subse-
quently decided, it turned out that defendant in error
took nothing by them. This, however, cannot lessen
the importance of the fact that the forbearence it-
self was a concession by the defendant in error to
the plaintiff in error of a part of his rights, and was
therefore to that extent an injury to the former.
*Tappan* v. *Campbell,* 9 Yerg. (17 Tenn.), 436; *Cath-
cart* v. *Thomas,* 8 Baxt. (67 Tenn.), 172; *Rivers* v

*Thomas,* 1 Lea (69 Tenn.), 649, 650, 27 Am. Rep., 784. So, in either view, there was a consideration. *Macon* v. *Sheppard,* 2 Humph. (21 Tenn.), 334, 338. In order to support a contract, the consideration does not have to be adequate; it need only be valuable. *Mc-Carty* v. *Blevins,* 5 Yerg. (13 Tenn.), 195, 196, 197, 26 Am. Dec., 262.

The foregoing principles fully support the conclusion we have reached.

The result is the judgment of the court of civil appeals must be reversed and that of the trial court affirmed.