## MRS. TOM M. BEASLEY v. E. F. GREGORY.

Middle Section.   March 20, 1926.

No petition for Certiorari was filed.

1. **Landlord and tenant. Mortgagor may become tenant of purchaser at foreclosure sale.**
It is permissible for mortgagor to contract in advance with the trustee or mortgagee that in event of a foreclosure, he shall become tenant of the purchaser and the mortgagor may agree with the purchaser after the foreclosure sale to become his tenant.

2. **Landlord and tenant. Adverse occupancy may be changed to a tenancy.**
Adverse occupancy may be changed to a tenancy where the owner consents to the occupancy and the occupant does some act in plain recognition of the owner's title.

3. **Unlawful detainer. Unlawful detainer will lie although legal title to land is in a trustee.**
In an action for unlawful detainer, held that the fact that the legal title was in a trustee and that plaintiff's title was subject to a paramount lien of a deed of trust, does not defeat plaintiff's right to possession. The relation of landlord and tenant does not rest upon landlord's title, but upon the agreement between the parties followed by the possession of the premises by the tenant under the agreement.

4. **Landlord and tenant. A tenant under a verbal agreement for an indefinite time, is a tenant at will.**
In an action of unlawful detainer where the purchaser at foreclosure sale agreed with the mortgagor that he might remain on the premises for a few days, held to create a tenancy at will.

5. **Contracts. Consideration. Agreement to forbear to enforce a well-founded claim is a valid consideration.**

An agreement to forbear, for a time, proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise, and the agreement to delay need not be for a time certain, for it may be a reasonable time only and yet be a sufficient consideration for a promise.

6. **Unlawful detainer. Purchaser at foreclosure sale may maintain unlawful detainer to oust mortgagor whom he has permitted to stay on premises for an uncertain time.**

In an action of unlawful detainer brought by the purchaser at a foreclosure sale to oust a mortgagor whom she had permitted to remain on the premises after the sale until such time as he could find another place to move upon, **held** that the mortgagor became a tenant at will and the action would lie.

Appeal in error from Circuit Court, Smith County; Hon. Louis Chambers, Special Judge.

Reversed.

A. H. Roberts, of Nashville, and J. B. McGinnis, of Carthage, for plaintiff in error.

Baskerville & McGlothlin, of Gallatin, for defendant in error.

FAW, P. J. This is an action of unlawful detainer, instituted before a Justice of the Peace of Smith county, and from his judgment in favor of the plaintiff, Mrs. Tom M. Beasley, the defendant, E. F. Gregory, appealed to the circuit court of Smith county, where the case was tried before a special judge (the Honorable Louis Chambers, of Lebanon), without the intervention of a jury, and judgment was rendered in favor of the defendant for the possession of the property. The plaintiff's motion for a new trial was overruled, and she thereupon appealed to this court and has assigned errors here.

The circuit court refused to give defendant a judgment against the plaintiff for rents and damages on account of the possession of the property by the plaintiff pending the appeal from the judgment of the Justice of the Peace, and after his motion for a new trial on this point was overruled, the defendant appealed to this court and has also assigned errors.

The warrant issued by the Justice of the Peace contains a description of a farm in the 12th Civil District of Smith county, Tennessee, containing 229 acres, and an averment that "E. F. Gregory unlawfully detains a portion of the same from her (the plaintiff), including the dwelling house and other portions of said farm."

Defendant Gregory appealed to the circuit court on the oath for poor persons, and the plaintiff Mrs. Beasley executed bond and was placed in possession pending the appeal to the circuit court.

Mrs. Beasley also gave bond for rent and damages pending the appeal to this court, and remained in possession of the property.

So far as we deem it necessary to state them, the facts of the case are as follows: The tract of 229 acres of land described in the warrant was formerly owned by Chas. H. Gregory and the defendant E. F. Gregory as tenants in common, and they executed a deed of trust thereon to R. W. McLemore, trustee, to secure the payment of a note of $10,000 payable to the Central Trust Company of Franklin, Tennessee. On January 21, 1921, and after the execution of the aforesaid trust deed to McLemore, trustee, the Gregories executed a second deed of trust on said land to one Alex Allen, as trustee, to secure the payment of a note for $6000, of even date with said trust deed, due in twelve months from its date, and payable to Tom M. Beasley.

Chas. II. Gregory then sold and conveyed his interest in said land to the defendant E. F. Gregory. The trust deed executed by E. F. Gregory to Alex Allen, trustee, vested the said trustee with a power to sell said land, in bar of redemption, if the Gregories should make default in the payment of said note and accrued interest. Tom M. Beasley the payee and holder of said note for $6000 above mentioned, died before there was a foreclosure of either of said trust deeds—in fact, the trust deed to McLemore, trustee, has never been foreclosed. Default was made in the payment of the note due the estate of Tom M. Beasley and the trustee, Allen, after advertisement, sold said tract of land pursuant to the power of sale in the deed of trust, on March 8, 1924, and at the foreclosure sale the plaintiff, Mrs. Tom M. Beasley, purchased the land at the price of $2000, and, on the same day the trustee executed and delivered to her a deed conveying said land to her, subject to the aforesaid deed of trust in favor of the Central Trust Company.

On the day of said sale by the trustee, Allen, and before the sale, defendant E. F. Gregory delivered to the trustee, Allen, a "written instrument" protesting against the sale, but he took no other steps to prevent the sale. The "written instrument" contained no statement of the grounds of his protest against the sale.

Shortly after the sale made by the trustee to Mrs. Beasley as above stated, defendant Gregory told Mrs. Beasley that he would like to remain on the place and occupy the house for a few days, and offered to pay rent to her for the use of the premises. Mrs. Beasley agreed to allow defendant Gregory to remain in the house for a few days, until he could find another house, but she told him that she would not charge him any rent. Thereafter, on several occasions Mrs. Beasley notified defendant Gregory that she would like for him to move out of the house and give her full possession of the premises, and defendant would reply that he would move out within a few days and was only waiting until he could find a house to move into.

In the spring of the year 1924, and after the foreclosure sale, plaintiff Mrs. Beasley took possession of the tillable land and moved her stock on the farm and proceeded with the planting and the cultivation of crops. Defendant Gregory made no objection to Mrs. Beasley's possession of the farm, but assisted her in some small way in starting the cultivation of crops on the place.

About two months after the sale, Mrs. Beasley demanded the possession of the house in which defendant was living in order that it might be occupied by one Bundy, to whom she had rented a portion of the farm as a cropper, and defendant then positively refused to surrender possession of the dwelling house and stated that he was not going to move out but was going to hold the place.

The facts as we have stated them are embodied in the judgment entered on the minutes of the circuit court, as the findings of the court. The learned trial judge held that the facts thus found did not establish the relationship of landlord and tenant between plaintiff and defendant; that "there was no valuable consideration to support any contract," and that defendant's promises were "merely gratuitous."

The facts found by the trial court, are well supported by evidence, and are conclusive on this court, but we find ourselves unable to agree with the conclusions of law which His Honor drew from the facts found.

It is permissible for a mortgagor to agree to become the tenant of the purchaser at a foreclosure sale. Jones on Landlord and Tenant, sec. 25.

It has been held in this State that a mortgagor in possession may contract in advance with the trustee or mortgagee that in the event a foreclosure becomes necessary the relation of landlord and tenant shall thereby be created between the purchaser and the mortgagor. Griffith v. Brackman, 97 Tenn., 387, 390.

We perceive no sound reason why such contract may not be made after, as well as before, foreclosure. An adverse occupancy may be changed to a tenancy, "where the owner consents to the occupation, and the occupant does some act in plain recognition of the owners title." Jones on Landlord and Tenant, sec. 2.

Defendant surrendered to plaintiff all of the farm except a few acres including the dwelling and some other farm buildings, and asked plaintiff's permission to occupy these for a while, offering to pay rent. He thereby recognized and acknowledged plaintiff's superior right to possession. After an occupant has acknowledged the title of the owner and continues to occupy the land by his leave and license, his possession becomes the possession of him whose title he has acknowledged. Jones on Landlord and Tenant, sec. 2.

A tenant is estopped by his recognition of his tenancy, no matter how he first went into possession. Note, 89 Am. St. R. 94.

The fact that the legal title is in R. W. McLemore, trustee, and that plaintiff's title is subject to the paramount lien of the Central Trust Company, does not, under the facts of this case, defeat plaintiff's right to possession. The relation of landlord and tenant does not rest upon the landlord's title, but upon the agreement between the parties, followed by the possession of the premises by the tenant under such agreement. Jones on Landlord and Tenant, sec. 7.

The verbal agreement under which defendant occupied the premises without charge constituted defendant the tenant at will of the plaintiff. Jones on Landlord and Tenant, sec. 6. And such agreement was not without consideration. "An agreement to forbear, for a time, proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise. . . . Nor need the agreement to a delay be for a time certain, for it may be a reasonable time only, and yet be a sufficient consideration for a promise." Cathcart v. Thomas, 8 Baxt., 172, 174. To same effect, see Turney v. Denham, 4 Baxt., 569; Townsend v. Neuhardt, 139 Tenn., 695, 698; Tappan v. Campbell, 9 Yerg., 436.

The plaintiff's assignments of error challenge the judgment of the circuit court upon the grounds we have discussed, and these assignments are sustained.

The defendant's assignments of error question the judgment of the circuit court insofar as defendant was thereby denied a judgment for rents and damages pending the appeal from the Justice of the Peace. Since we have held that plaintiff was entitled to possession, it follows as a matter of course that defendant's assignments of error must be, and they are, overruled.

The judgment of the circuit court awarding possession of the premises in controversy to, the defendant is reversed, and judgment will be entered awarding the possession of same to the plaintiff. The costs of the appeal will be adjudged against the defendant E. F. Gregory.

Crownover and DeWitt, JJ., concur.