DEBORD *et al.* *v.* BROWN.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing denied March 11, 1949.

Guinn & Mitchell, of Johnson City, for Brown.

Winston & Guinn and McKinley Green, all of Johnson City, for DeBord.

Mr. Justice Prewitt delivered the opinion of the Court.

Mrs. Charles Brown brought this suit against Rex DeBord and Bob Campbell to recover damages to her automobile growing out of a collision between the automobile owned by Campbell, the automobile owned by Mrs. Brown, and the truck of DeBord. There was a verdict in the lower court in favor of Mrs. Brown, which was affirmed by the Court of Appeals.

The suit was based on a warrant which reads in part as follows:

". . . to answer the complaint of Mrs. Charles Brown, wherein the defendant, Rex DeBord, parked plaintiffs automobile on the highway in the night time without any lights, thereon, and the Defendant Campbell ran into the rear of said automobile on the highway damaging same under $500.00 which accident occurred on or about —— day of July, 1946. And defendant Rex DeBord agreed to pay for all damages to said car."

On March 11, 1946, Mrs. Brown had left her 1938 Dodge automobile at a service station operated by DeBord in Johnson City for the purpose of having the motor cleaned. After cleaning the motor, the car was driven by an attendant at the filling station along the Johnson City-Kingsport Highway in the direction of Mrs. Brown's home for the purpose of delivering it to her. Upon reaching the intersection of the Kingsport Highway and Princeton Road, the driver stopped near the center of the highway to allow traffic proceeding in the opposite direction to pass before making a left-hand turn into Princeton Road. Upon putting the car again in motion and turning to the left, the right front wheel collasped, but the driver was able to get the car off the highway and park it on Princeton Road, leaving about 3 feet clearance between the highway and the rear of the Brown car. He then went to a telephone and called DeBord, who came to his assistance in a truck which he parked on Princeton Road, facing the Brown car, for the purpose of getting light to enable the driver of the Brown car to jack the wheel off the ground and repair or replace it.

It seems from the record that while the car and truck were in this position, Campbell came from the direction of Johnson City, turned into Princeton Road and crashed into the Brown car, knocking it against the DeBord truck and causing rather extensive damages to

both. There is evidence that Campbell was driving while drunk. There is no refutation of this evidence, and we think Campbell's negligence is clearly established by the record.

Mrs. Brown came to the scene of the collision and discussed the damage to her automobile with DeBord in the presence of Deputy Sheriff Collier. Mrs. Brown testified in substance that during the conversation at the scene of the collision DeBord said her "car would be taken care of; that he would see to paying the bills"; that "he was worried about his car, and he would take care of mine and that if it was agreeable he would buy the Campbell car"; that "he would pay it (the bills) just as soon as he got it settled"; that these statements were made in response to her inquiry as to what DeBord "was going to do about it (fixing her car)"; that, relying on these promises, she did not institute suit against Campbell until after about three months, and until after the Campbell car was sold by DeBord through an attachment proceeding.

Deputy Sheriff Collier, who was called to the scene of the collision, testified that he heard DeBord make the following statement:

"He said he would take care of Mrs. Brown's car; that he wanted his car taken care of."

DeBord's version of the conversation is as follows:

"Q. What did you say, if anything, with reference to fixing her car at that time? A. I told her that if it was my fault, or of the service station I represented, her car would be taken care of."

Both Mrs. Brown and Collier testified that they did not hear DeBord condition his promise on the collision being his fault, Collier adding that he did not think DeBord

said anything about the collision being his fault in connection with the promise.

The suit sounded both in contract and in tort. On motion of DeBord, Mrs. Brown was required to elect on which count she would proceed, and she elected to proceed on the contract count of the warrant.

It is the contention of DeBord that it was error to join a count in contract and one in tort in the same case. We do not think this was error. See *Palmer* v. *Dehn,* 29 Tenn. App.., 597, 198 S. W. (2d) 827. However, DeBord was not prejudiced by this for the reason that Mrs. Brown was required to elect whether she would proceed on the alleged contract or in tort. We think, too, there was sufficient consideration for the contract.

In *Beasley* v. *Gregory,* 2 Tenn. App. 378, 382, it was said:

"'An agreement to forbear, for a time, proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise. . . . Nor need the agreement to a delay be for a time certain, for it may be a reasonable time only, and yet be a sufficient consideration for a promise.' *Cathcart* v. *Thomas,* 8 Baxt. 172, 174 [67 Tenn. 172, 174]. To the same effect, see *Turney* v. *Denham,* 4 Baxt. 569 [63 Tenn. 569]; *Townsend* v. *Neuhardt,* 139 Tenn. 695, 698 [203 S. W. 255]; *Tappan* v. *Campbell,* 9 Yerg. 436 [17 Tenn. 436]."

In the present case the promise relied on was based upon an agreement to forbear enforcing the rights of the promisee against Campbell or his automobile, coupled with the understanding that the promisor DeBord would proceed at once to subject the Campbell car to the payment of damages sustained by the DeBord truck.

In *Palmer v. Dehn, supra,* 198 S. W. (2d) at page 828, it was said:

"For there to be an consideration in a contract between parties to the contract it is not necessary that something concrete and tangible move from one to the other. Any benefit to one and detriment to the other may be a sufficient consideration. The jury may draw any reasonable and natural inference from the proof and if by inference from the proof a benefit to the promisor and detriment to the promisee might be inferred this will constitute a valid consideration."

We are, therefore, of opinion that there is material evidence to support the judgment of the lower court, and think there was a valid consideration to support the alleged contract.

Writ denied.

All concur.