# BLAYLOCK v. STEPHENS.—258 S. W. (2d) 779.

Middle Section. March 27, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

James H. Henry, of Tullahoma, for plaintiff in error.

Richard H. Harrison, of Manchester, for defendant in error.

FELTS, J. This is a suit on an account for $223.65, brought before a justice of the peace. The justice gave judgment for plaintiff for that amount. On appeal the Circuit Judge, trying the case without a jury, rendered judgment for plaintiff for the same amount. Defendant appealed in error.

Plaintiff was owner and operator of the Tullahoma Machine Shop, and the account was for work done by him on a motor truck of defendant. Defendant did not deny the account or dispute the amount of it. His defense was that after the work was done on his truck he had sold

it to his brother, and that there had been a novation by which plaintiff had released him and accepted the promise of his brother to pay the account.

Plaintiff denied that there had been any novation. He said that they came to his shop and defendant said he was selling his truck to his brother (Odie Blaylock) "and wanted me (plaintiff) to take his brother on the debt and release him. I told him that if his brother would execute a note to him, endorse it to me, I would release him. The note was never executed."

Defendant testified that he and his brother went to plaintiff and explained that he was selling his truck to his brother, and would deduct the amount of the account from the sale price if plaintiff would accept his brother on the account and release him; and that plaintiff said "he would agree to accept my brother on the account and release me." But he did admit that plaintiff "told him (his brother) to come back later and sign some papers that he (plaintiff) would fix up."

Defendant's brother (Odie Blaylock) testified that they went to plaintiff's shop, told him about their trade, and he "agreed to accept me (the witness) in Roy's place and I bought the truck. Q. 6. Did Mr. Stephens (plaintiff) say anything about your signing papers? A. Yes, he told me to come back later and sign papers for the account." The witness further said that he went back later to sign the papers, but plaintiff was busy and told him to come again; and that he went back later but found plaintiff busy and he never signed anything.

Upon the witness saying he had not signed any written agreement to pay the account, the following colloquy between the Trial Judge and counsel for defendant occurred:

By the Court: "I am ready to decide this case. The agreement, if there was one, was not in writing and cannot be enforced under the Statute of Frauds."

Mr. Henry: "This is a question of novation and I have four other witnesses who will substantiate the fact of the agreement."

By the Court: [I] will assume that those witnesses will substantiate the testimony of the Defendant, but still they could not change my mind. I am giving judgment against the Defendant for the reason just stated."

His Honor was apparently of opinion that a contract of novation was within Code Sec. 7831(2), providing no action shall be brought to charge one upon any promise to answer for another's debt unless the promise is in writing and signed by him, and that such a contract was not enforceable unless in writing and signed by the party to be charged; and upon this ground he found there had been no novation discharging defendant, and entered judgment for plaintiff.

██ This ground was a mistake. A novation is a contract substituting a new obligation for an old one which is thereby extinguished. Sharp v. Fly, 68 Tenn. 4, 10. Such a contract is not within the Statute of Frauds, not a promise by the new debtor to answer for another's debt, but a promise to pay his own debt, founded upon valid consideration, and need not be in writing in order to be enforceable. Lookout Mountain Railroad Co. v. Houston, 85 Tenn. 224, 2 S. W. 36; 2 Williston on Contracts (1936 Ed.) sec. 477; 39 Am. Jur., Novation, sec. 10, p. 258.

█ But the fact that his Honor put his decision upon an erroneous ground does not necessarily mean that the decision itself was wrong. If the decision was right, though put upon an erroneous ground, it is our duty to

affirm, resting our action upon what seems to us the correct theory. State ex rel. McConnell v. First State Bank, 22 Tenn. App. 577, 586, 124 S. W. (2d) 726, and numerous cases there cited.

We think the Trial Court's decision was right. Defendant had the burden of proving there had been a novation. Dies v. Wilson County Bank, 129 Tenn. 89, 95, 165 S. W. 248. We think he failed to carry this burden. His own testimony shows that he and his brother did not reach any final agreement with plaintiff; that his brother was "to come back later and sign some papers"; or, as the brother said, "sign papers for the account"; or, as plaintiff said, "execute a note to him (defendant) and endorse it to me (plaintiff)." Admittedly, no note, no paper was signed.

Defendant complains that the Trial Judge decided the case before hearing other witnesses he meant to offer. In the circumstances here appearing, we think this was not a harmful error. The Trial Judge assumed that the other witnesses would substantiate the testimony of defendant, which was as much as he could ask. He was bound by the testimony he had already adduced, which showed the parties had reached no final agreement and there had been no novation.

For these reasons, all of the assignments of error are overruled and the judgment of the Circuit Court is affirmed. Judgment will be entered here in favor of plaintiff against defendant for the amount of the judgment below with interest and the costs of the appeal in error.

Howell and Hickerson, JJ., concur.