# MRS. LUCILE HOOPER, Plaintiff in Error, v. JOHN H. NEUBERT, Defendant in Error.—381 S.W.(2d) 569.

Eastern Section. December 12, 1963.

Rehearing Denied January 16, 1964.

Certiorari Denied by Supreme Court May 8, 1964.

234

Earl E. Leming, Jr., Knoxville, for plaintiff in error.

Andrew J. Evans, Jr., and Thomas W. Thomson, Knoxville, for defendant in error.

McAMIS, P. J. At the time of his death the intestate husband of Mrs. Hooper, the defendant, was indebted to the plaintiff Neubert. Mrs. Hooper qualified as Administratrix of her husband's estate.

The declaration charges, and there is material evidence showing, that within the time allowed by statute for filing claims against the estate Mrs. Hooper induced the plaintiff to refrain from filing his claim, promising that if he would not do so she would pay it from her own personal funds. Relying on this promise plaintiff filed no claim against the estate. After the time for filing claims against the estate had run, payment from Mrs. Hooper was demanded. She declined to pay, claiming the amount owing by the estate was less than $1,141.59, the amount claimed. This suit was then filed upon the theory that there had been a novation of the original contract between plaintiff and defendant's husband by the substitution of the new contract under which Mrs. Hooper assumed personal liability for the debt.

The jury returned a verdict for $1,000.00 upon which judgment was rendered and Mrs. Hooper has appealed. The primary question is whether the claim falls within the ban of Section one (1) of the Statute of Frauds, T.C.A. sec. 23-201, providing:

"No action shall be brought: (1) Whereby to charge any executor or administrator upon any special promise to answer any debt or damages out of his own estate; * * *

"Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note

thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

■ Where there has been a substitution of a new contract for the old the authorities are generally to the effect that the statute of frauds does not apply. Lookout Mountain Railroad Co. v. Houston, 85 Tenn. 224, 2 S.W. 36; Blaylock v. Stephens, 36 Tenn.App. 464, 258 S.W. (2d) 779.

Both of these cases, however, dealt with Section 2 of the Statute of Frauds making invalid an oral contract to answer for the debt, default or miscarriage of another.

The opinion in the Blaylock case cites 39 Am.Jur. 258, Novation Section 10, where the following broad statement appears:

"The courts hold that an agreement whereby a new debtor is substituted for an old one and the old obligation discharged is not a mere promise by the new debtor to be responsible for the debt of his creditor and to pay it, but a promise by him to pay his own debt in that particular way. It is a promise founded on a new and sufficient consideration moving to the promisor from the debtor at the time the promise was made, and such a promise or agreement is an original undertaking not within the statute of frauds, and no note or memorandum in writing, expressing the consideration and subscribed by the party to be charged therewith, is required * * *."

In Pritchard Wills and Estates, Phillips, Section 657, the eminent author in dealing with the particular section of the statute of frauds here invoked states:

"If the promise arises out of some new consideration of benefit or harm moving between the newly contracting

parties, the case is not within the statute. So, if the liability of the estate be discharged or extinguished by the making and acceptance of the promise, the statute does not apply, and the promise to pay the debt is binding without writing; but if the estate remains liable at all, the promise is within the statute so as to require a signed writing to support an action.''

█ The foregoing is the generally accepted rule under Section (1) of the statute as appears from the following text statement:

''The promise of an executor or administrator to pay his decedent's debt out of his own estate does not become an original undertaking, and as such not within the statute, merely because the estate is thereby discharged from the claim. However, where the creditor's release of his remedy constitutes, and is given as, a new consideration for the promise, it will be deemed an original undertaking not within the statute.'' 37 C.J.S. Frauds, Statute of, sec. 11, page 520.

█ Under the authorities cited the statute does not apply where, by reason of the new agreement, the original demand is discharged or lost to the detriment of the creditor or a personal benefit is gained by the new promisor or where there has resulted both a detriment to the creditor and a benefit to the executor or administrator. In such cases the reasoning is that, for a good and sufficent consideration, a new agreement has been substituted for the old. Stated differently, if there has been a novation the statute does not apply to the new agreement.

██ We think the proof offered by plaintiff made the question of novation one for the jury. The jury could well find from the proof that, both before and after the time

for filing claims had run, defendant promised to pay the claim out of her own estate and that, relying on this promise, plaintiff refrained from filing his claim and his claim against the estate has been irretrievably lost by reason of the peremptory requirement of T.C.A. sec. 30-513 that claims against decedent estates be filed within 9 months. Eslick v. Friedman, 191 Tenn. 647, 235 S.W. (2d) 808. Defendant, as a beneficiary of her husband's estate, has gained a personal advantage. Thus there has been both a detriment to the plaintiff and a consideration moving to defendant. Either furnishes a sufficient consideration to sustain the contract as a novation and make it binding on both parties.

■ Defendant further insists the Court erred in declining to direct a verdict in her behalf because of plaintiff's failure to file his claim against the estate within the nine months period required by T.C.A. sec. 30-513. This insistence misconceives the nature of the present action. It is not a suit against the estate but, as we have seen, is based upon a new and different contract between plaintiff and defendant as an individual—not as administratrix. We find no merit in this insistence.

■ For the same reason the ''Dead Man's Statute'', T.C.A. sec. 24-105, making incompetent the testimony of a surviving party to a transaction with the decedent in an action by or against his personal representative is not applicable. The action is not against the administratrix as such and no judgment can be rendered for or against the estate.

Affirmed.

Cooper, J., and Milligan, Special Judge, concur.

On Petition to Rehear

McAMIS, Presiding Judge.

Mrs. Hooper has filed a petition to rehear which, in the main, is but a re-argument of her contentions on the original hearing.

It is said that, although Mrs. Hooper is the widow of the original debtor, there is no proof that she was a beneficiary of his estate. Whether this is true or not there was a detriment to the respondent Neubert in the loss of his claim against the estate and under the authorities cited in our first opinion such detriment furnishes a sufficient consideration to sustain the new contract.

It is also said there is no proof that the deceased owed the exact amount of the verdict for $1000.00. There is material evidence that the amount owing was $1,141.50. Petitioner offered no convincing proof that the amount was $253.51 which she professed a willingness to pay but failed to tender into court. She can not complain because the jury awarded a verdict for a sum less than the amount owing.

Other questions were considered in our original opinion. We need not repeat here what was there said. We find the petition without merit and it is denied at the cost of petitioner.

Cooper, J., and Milligan, Special Judge, concur.