# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

May 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FRED GRIMES and ) 
JEANETTE GRIMES WOODWARD, )
)
Plaintiffs/Appellees, )
)          Appeal No.
)          01-A-01-9809-CH-00483
VS. )
)          Maury Chancery
)          No. 96-539
DONNIE GRIMES, )
)
Defendant/Appellant. )

APPEALED FROM THE CHANCERY COURT OF MAURY COUNTY
AT COLUMBIA, TENNESSEE

THE HONORABLE JAMES L. WEATHERFORD, SENIOR JUDGE

TOM W. MOORE, JR.
MOORE & PEDEN
29 Public Square
P. O. Box 981
Columbia, Tennessee 38402-0981
        Attorney for Plaintiffs/Appellees

JERRY C. COLLEY
COLLEY & COLLEY
P. O. Box 1476
Columbia, Tennessee 38402-1476
        Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

The sole issue in this appeal is whether the parties' agreement to divide their mother's estate was supported by consideration.  The Chancery Court of Maury County held that the agreement was enforceable.  We affirm.

## I.

Wilma Brannon Grimes, a resident of Maury County had three children.  Ms. Grimes owned a farm where she lived in what the parties referred to as the "brick house."  Her son Donnie also lived on the farm in the "old home place" and raised cattle and hay in a partnership with his mother.

Ms. Grimes was in her eighties.  On May 19, 1992 the three children met and executed a handwritten agreement on how their mother's property would be sold to raise money for her anticipated medical expenses and how the estate would be divided after her death.  Three days later, Ms. Grimes executed her Last Will and Testament, in which she left $5,000 to her son Fred, $5,000 plus some miscellaneous personal property to her daughter Jeanette Grimes Woodward, and the balance of her estate to Donnie.

In 1994 the parties decided to execute a more formal agreement.  Fred Grimes and Jeanette Grimes Woodward had a lawyer prepare the following writing:

AGREEMENT

We the undersigned, being all the children and the only heirs-at-law of Wilma Brannon Grimes, hereby agree as follows:

1.      Without regard to any will left by our mother, Wilma Brannon Grimes, we will divide the estate of our mother according to this agreement.

2.      Donnie Grimes shall receive the old home place, the garden and barn joining it consisting of about

three (3) acres and the water rights to the spring that now supplies water to the old home place.

3. Donnie Grimes shall also receive all the cattle, farm machinery and automobiles owned by our mother at the time of her death.

4. All the rest of our mother's estate, whether real property, personal property or money, shall be divided equally between us, namely: Fred Grimes, Jeanette Woodward and Donnie Grimes.

On September 18, 1994 the three children signed the agreement.

Ms. Grimes died in the spring of 1996. Shortly thereafter Donnie Grimes repudiated the agreement. The other two children sued for a declaratory judgment and the chancellor upheld the agreement.

**II.**

Donnie Grimes disputes the validity of the agreement because of a lack of consideration. It is his contention that he received nothing for this promise to divide the estate with his brother and sister. We disagree. He received their promise to give him the old home place along with the water rights and then to divide the estate equally -- even if their mother changed her will. There is a slight dispute in the record about what the parties knew when they signed the first agreement in 1991, but it is clear that they knew in 1994 that Ms. Grimes had a will leaving nearly everything to Donnie. They also knew that she could change the will or that her needs might consume most of her estate before her death. In either case, Donnie would get a substantial benefit from the agreement.

Consideration exists when the promisee does something that he is under no obligation to do or refrains from doing something which he has a legal right to do. *Brown Oil Co. v. Johnson*, 689 S.W.2d 149 (Tenn. 1985). The consideration does not have to be adequate; it need only be valuable. *Townsend v. Neuhardt*, 139 Tenn. 695 (1918). A valuable consideration passes when a party makes a promise

to secure himself against a contingency that may never happen.  In *Richardson v. Snipes*, 330 S.W.2d 381 (Tenn. App. 1959), the court quoted the following from *Williston on Contracts* § 112:

> "A conditional promise may be sufficient consideration, and 'when a man acts in consideration of a conditional promise, if he gets the promise he gets all that he is entitled to by his act, and if, as events turn out, the condition is not satisfied, and the promise calls for no performance, there is no failure of consideration.'"

330 S.W.2d at 385.

We are satisfied that the contract was supported by valuable consideration.

We affirm the judgment of the trial court and remand the cause to the Chancery Court of Maury County.  Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
PATRICIA J. COTTRELL, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FRED GRIMES and )
JEANETTE GRIMES WOODWARD, )
                                                )

       Plaintiffs/Appellees, )     Appeal No.
                                                )     01-A-01-9809-CH-00483
                                                )
VS. )     Maury Chancery
                                                )     No. 96-539
                                                )
DONNIE GRIMES, )     Affirmed and
                                                )     Remanded
       Defendant/Appellant. )

## J U D G M E N T

       This cause came on to be heard upon the record on appeal from the Chancery Court of Maury County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

       In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree is affirmed. The cause is remanded to the Chancery Court of Maury County for the enforcement of the decree and for the collection of the costs accrued below.

       Costs of this appeal are taxed against Donnie Grimes, Principal, and Colley and Colley, Surety, for which execution may issue if necessary.

 

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE