STATE ex rel. McCONNELL, Superintendent of Banks, v. FIRST STATE BANK et al.—124 S. W. (2d) 726.

Middle Section.　November 19, 1938.

Petition for Certiorari Denied by Supreme Court, February 18, 1939.

Cummings & Melton, of Woodbury, for appellants.
Sterling S. Brown, of Woodbury, for appellee.

FAW, P. J. In this cause W. F. Brevard, J. F. Adams, Mortie Bragg and B. M. Downing, defendants below, have appealed to this Court from a decree of the Chancellor granting a recovery in the sum of $2,660.72 and certain costs against them and in favor of D. D. Robertson, Receiver of the First State Bank of Woodbury, Tennessee.

At the threshold of the investigation of this case we are presented with a motion on behalf of the appellee to dismiss the appeal because the case was heard on oral testimony and there was no motion for a new trial below.

The absence of a motion for a new trial, where such motion is necessary to review of the evidence by the appellate court, does not work a dismissal of the appeal, but (if there is no error assigned on the technical record) ordinarily requires an affirmance of the decree or judgment. However, we have treated the appellee's motion in this case as a motion to affirm the decree, for it appears that there was no motion for a new trial below, and if the case was one in which such motion was essential, this Court would, of its own motion, decline to review the evidence, although the evidence was preserved by bill of exceptions.

Pertinent to the question thus presented, the record discloses the following facts:

In an answer and crossbill filed by the appealing defendants (together with other defendants) a jury was demanded, but before, or at the time, the case was called for hearing, a written agreement, signed by counsel for all the parties and the guardian ad litem for the minor defendants, was filed in the cause, which agreement is in these words:

580

"In this cause, it is agreed by and between Counsel for the Complainant, Counsel for the Defendants and the Guardian ad litem, that this cause may be tried by the Chancellor upon the record and upon oral testimony."

It is also recited in the final decree of the Chancery Court that the cause was "heard on oral testimony by written agreement of counsel filed in the record, a jury having been demanded in the answer, but the same being waived by the parties."

We think the foregoing written agreement filed in the cause brings the case within the purview of the Act of 1917, chapter 119, carried into the Code as Section 10564, which provides that: "All causes instituted or brought in the chancery court may be heard and tried upon the oral testimony of witnesses introduced in open court upon the agreement or consent of the parties to such suit expressed in writing and filed in the cause to be heard and tried, which written consent may be embodied in the pleadings or by separate agreements filed in the cause at any time before, or at the time when, any cause may be called for hearing."

It is well settled that a case tried on oral testimony in the Chancery Court in conformity with the statute above quoted, is tried according to the forms of chancery practice, and the evidence, if preserved by bill of exceptions, may be reviewed on appeal without a motion for a new trial. Watkins v. Sedberry, 155 Tenn., 148, 154, 290 S. W., 970; Trice v. McGill, 158 Tenn., 394, 397, 13 S. W. (2d), 49; Fonville v. Gregory, 162 Tenn., 294, 36 S. W. (2d), 900; Broch v. Broch, 164 Tenn., 219, 224, 47 S. W. (2d), 84; Mutual Life Insurance Company v. Burton, 167 Tenn., 606, 615, 72 S. W. (2d), 778; Jenkins v. Harris, 19 Tenn. App., 113, 118, 83 S. W. (2d), 562; Federal Land Bank v. Robertson, Superintendent etc., 20 Tenn. App., 58, 62, 95 S. W. (2d), 317, 319; Gibson's Suits in Chancery (4 Ed.), section 547i. The appellee's motion is overruled.

The Chancellor's written findings filed in the cause contain a succinct and orderly statement of the issues made by the pleadings, and his findings upon the disputed questions of fact and law arising on the record; hence we will quote his findings as a basis for the consideration of the appellants' assignments of error. The Chancellor's findings are as follows:

"The First State Bank of Woodbury having become insolvent, closed in 1923, and ceased to do business, and was placed in the hands of S. S. McConnell, then Superintendent of Banks of the State of Tennessee, and its business is being liquidated in this Court. The records in said cause were destroyed by fire when the courthouse at Woodbury, Tennessee burned in November 1934.

"During the process of liquidation of said Bank its Receiver deposited his funds in the Cannon County Banking Company, the same

having been designated as a depository for funds as provided by law, and the Cannon County Banking Company became insolvent and closed its doors on November 15, 1930, and its affairs have been liquidated in this court, and the cause is not now pending in this court.

"When the Cannon County Banking Company closed its doors and went into the hands of receivership, the Receiver of the First State Bank of Woodbury, Tennessee, had on deposit with said Cannon County Banking Company the sum of $5,834.88. The Receiver of the First State Bank received from Cannon County Banking Company as dividends from time to time the sum of $3,174.16, leaving a balance of $2,660.72. The Cannon County Banking Company paid a dividend of about fifty-four per cent to its depositors.

"As provided by law, and especially Section 5989 of the 1932 Code of Tennessee, the Receiver of the First State Bank took from the Cannon County Banking Company the bond sued on in this case, which is filed in the record as Exhibit 'A' to the testimony of Hallum Goodloe.

"The defendants in this suit, except the widow of G. S. Smith, and his children, executed said bond, which is dated November 30, 1925, and is in the words and figures as follows:

" '$10,000.00. Know all men by these presents: That we, Cannon County Banking Company of Woodbury, Tennessee, as Principal, and G. S. Smith, W. F. Brevard, J. F. Adams, Mortie Bragg, B. M. Downing, Sureties, acknowledge ourselves indebted to S. S. McConnell, Superintendent of Banks for the State of Tennessee, and his successor in office, in the sum of Ten Thousand & No/100 lawful money of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents.

" 'Witness our signatures this the 30 day of November, 1925.

" 'The condition of the said obligation is as follows:

" 'The Superintendent of Banks of the State of Tennessee, in his capacity as receiver of the First State Bank of Woodbury, Tennessee, has instructed his agent to deposit funds from time to time in the said Cannon County Banking Company of Woodbury, Tennessee.

" 'Now therefore, if the said Cannon County Banking Company of Woodbury, Tennessee, shall faithfully pay over and account for all moneys that may be received by it from time to time in connection with the liquidation of the First State Bank, Woodbury, Tennessee, then this obligation shall be void; otherwise to remain in full force and effect.

" 'Cannon County Banking Company, Woodbury, Tenn.
" 'By S. B. Hawkins, President
" 'G. S. Smith, Cashier
" 'W. F. Brevard, Surety

" 'J. F. Adams, Surety
" 'Mortie Bragg, Surety
" 'B. M. Downing, Surety
" 'G. S. Smith, Surety.'

"The estate of G. S. Smith has been fully administered and the statute of Limitations of eighteen months had run after this cause of action accrued and before suit was instituted thereon, and this suit against the estate and against the heirs of G. S. Smith is barred, and the bill as to them is dismissed. G. S. Smith died in 1932, and the petition or bill in this cause was not filed until August 12, 1935. The complainant will pay all the costs incident to making them defendants to this cause, including a guardian ad litem fee to Hon. Hoyte Bryson in the amount of $100.

"The defendants filed a plea in abatement on August 30, 1935, to the petition filed in this cause, the substance of which plea was that there was not pending in the Chancery Court at Woodbury at the time of the filing of the petition any cause styled S. S. McConnell, State Superintendent of Banks against the First State Bank; that the records had been destroyed in the courthouse fire and had not been supplied or replaced as required by law. At a former term of the court the plea was overruled with leave to rely on it at the hearing, and on the hearing of this cause when the plea was again called up the court was of the opinion that the complainant had the right to maintain this suit as a petition in said cause, or if not as an original bill, and counsel for complainant requested leave of the Court to file same as original bill if it was the opinion of the Court same was necessary. The cause was permitted to proceed to judgment as a petition in the original cause.

"The Court finds that at the time the bond herein sued on was executed and delivered to Mr. H. S. Grigsby, who was at that time representing the State Superintendent of Banks in this matter, the defendants herein executed the same honestly believing that the deposit of the receivership fund in question would be a preferred claim against the assets of the Cannon County Banking Company.

"The Court further finds that Mr. H. S. Grigsby told some of the defendants, and possibly all of them, that it was his opinion that there would be no liability on the bond because the deposit it secured would be considered as a preference, and the Court is of the opinion and so finds that the defendants relied upon the statement or opinion of Mr. Grigsby.

"The Court was of the opinion that the facts were not sufficient in law to entitle the defendants to set said facts up as a matter of defense to this suit, and likewise that the defendants were not entitled to the relief sought by their cross-bill. The Court was of the opinion that the bond sued on was in the form required by law, and that the

defendants should be chargeable with the knowledge of its purport as a matter of law.

"The Court further finds that there has been no release of the liability under the bond sued on by the Superintendent of Banks or anyone lawfully authorized to make a release to the defendants, and that the said bond has not been cancelled.

"The Court further finds that when the Bradyville Bank and the Cannon County Bank & Trust Company were merged in about 1928 or 1929, there was no release in fact or in law of the liability on the bond herein sued on.

"The Court is further of the opinion and finds that the proof does not show a waste of the assets of the complainant bank by the liquidating agent and/or the receiver that would be available to the defendants as a matter of defense in this cause.

"The Court is further of the opinion and so finds that the complainant should not be precluded from a recovery in this cause by reason of laches in bringing suit, it not being shown to the satisfaction of the Court that the delay has prejudiced the rights of the defendants. The parties who executed the bond in question were, during the period of the operation of this bank, either officials or directors of it, except Dr. J. F. Adams, who was President of the Union State Bank, and Dr. Adams stated, in substance, on cross-examination in this cause that he was not relying on the defense of mismanagement by the liquidation agent.

"The Court further finds that demand was made on the defendants for a settlement of liability under the bond on or about March 1, 1934, as shown by copies of letters filed in the record as Exhibits 'E,' 'F' and 'G' to the testimony of Hallum W. Goodloe.

"Testimony was offered by the defendants on the trial of this cause to the effect that there was waste and mismanagement by the receiver of the funds of Cannon County Banking Company through him and his liquidating agent in winding up the affairs of said Bank. The Court heard the same subject to exception. However, the Court is of the opinion that the Complainant's exceptions thereto was well taken.

"During the regular term of the court at Woodbury, and when this cause was passed on in open court, a request was made for a written finding of fact, and pursuant thereto the Court herewith files the same as its finding of facts in the case, and the same will be filed by the Clerk & Master as part of the record in the cause, and the Clerk & Master will notify counsel of record for the respective parties to the cause of the receipt hereof, a copy of which finding is forthwith being mailed to counsel by the Chancellor.

"Done at Livingston, Tennessee, this January 26, 1938.

"A. F. Officer
"Chancellor."

The first assignment of error challenges as erroneous the action of the Chancellor in overruling the appellants' plea in abatement, which plea was as follows:

"1.  At the time of the filing of said amended or supplemental bill, or petition, on August 12, 1935, there was not pending in the Chancery Court at Woodbury a cause styled S. S. McConnell, State Superintendent of Banks v. The First State Bank, the courthouse of Cannon County at Woodbury having been destroyed by fire on the —— day of November, 1934, in which and at which time many of the papers, files and records of said Court and of the Clerk thereof were completely destroyed by fire including the papers and file in the above cause and the Rule Dockets, Minute Books and other records containing entries in said cause, nor have said papers, files or records in said cause been supplied or replaced as required by law.

"2.  At the time of the filing of said amended or supplemental bill, or petition, there was no record, file or papers in the Chancery Court at Woodbury of the liquidation of the Cannon County Banking Company, nor is there at this time.

"3.  There is no record at this time, nor was there at the time of the filing of said amended or supplemental bill, or petition, of the appointment or qualification of the petitioner as Receiver of said First State Bank.

"4.  Wherefore, defendants pray each to be dismissed with their Costs."

The initial pleading in the present record bears, at the top of the front page, the style of the case of "State ex rel. S. S. McConnell, Superintendent of Banks v. First State Bank et al," and in the prayer it is asked that complainant "be permitted to file this bill as an amended or supplemental petition in the cause of S. S. McConnell, Superintendent of Banks etc. v. the First State Bank, now pending in this Court;" otherwise it has all the form and indicia of an original bill.

The caption is as follows:

"To The Honorable A. F. Officer, Chancellor, of the Chancery Court of Cannon County, Tennessee, present and presiding:

"The Bill of Complaint of D. D. Robertson, Superintendent of Banks for Tennessee, in his own right as Receiver of the First State Bank of Woodbury, Tennessee, and for the use of the said First State Bank of Woodbury, Complainant;

"versus

"W. F. Brevard, J. F. Adams, Mortie Bragg, B. M. Downing, and Mrs. G. S. (Linda) Smith, widow of G. S. Smith, deceased, George Smith, Minnie Smith and William Smith, children of G. S. Smith, deceased, all residents of Cannon County, Tennessee, Defendants."

Subpoena to answer was issued and served on all the defendants as in the case of an original bill.

At the hearing, the complainant asked that it be treated as an original bill if in the opinion of the Court that was necessary.

■ "The name of a bill is immaterial in our practice. Our courts look at substance of bills, and allow or disallow them accordingly." Gibson's Suits in Chancery (4 Ed.), Sec. 719; Murphy v. Johnson, 107 Tenn., 552, 557, 64 S. W., 894.

"The particular name given the bill is not of much importance, as the rights of the parties must be determined on the matter of equity set forth, and not how it may be entitled." Arnold v. Moyers, 1 Lea, 308, 309.

"Where there is substance for the Court to act on, the want of form will be disregarded, for Equity regards substance and not ceremonies. This is true not only in adjudicating the equities of the parties, but is true in matters of pleading, also. Thus, if the bill makes out a case for relief, any want of formality, or any misnomer of the bill, or any eccentricity of phraseology, will not defeat the complainant's right to relief on the facts alleged and proved. So, if the necessary parties are before the Court, and a case for relief is alleged and proved, the fact that the parties are made complainants who should have been made defendants, or vice versa, will not prevent the Court from decreeing according to the equities of the parties; and this is so even when persons under disability are to be affected by the decrees. The fact that the proper facts are alleged, and the proper parties are before the Court, is substance; the manner of alleging the facts and the position of the parties in the suit is ceremony." Gibson's Suits in Chancery (4 Ed.), Section 43.

"If a bill contains allegations sufficient, if true, to entitle the complainant to some relief, the fact that the bill is inartificially drawn, or is misnamed by the draftsman, will not justify a motion to dismiss. In such a case, the Court judges the bill, not by its name, or want of technical precision in its frame and averments, but by its substance, and the matters of equity it sets forth. While the proper name of the bill will not atone for defects of substance, yet proper substance will atone for a defect in the name. The name of a bill is mere matter of form, and is absolutely immaterial; and, whatever be its name, the Court will look at its allegations and prayers, and judge the bill thereby, and not by the particular name it may happen to bear. The rights of the parties will be determined exclusively by the matters of Equity alleged, and not by the appellation given the bill by the complainant's solicitor. This is especially true of bills not strictly original, some of which have highly technical names, and others have various objects and offices. All such bills are judged by their averments, and prayers for relief, and not by their names." Id., Section 269.

■ ■ The Chancellor sustained the bill and granted the relief

thereby sought, and his statement in his findings that, "the cause was permitted to proceed to judgment as a petition in the original cause," amounted merely to the statement of the wrong reason for a correct ruling. Where the trial court rules correctly, but states an erroneous reason for such ruling, the appellate court will uphold the ruling, basing its decision upon what it conceives to be the correct theory. Terrell v. Murray, 2 Yerg., 384, 390; Railway Company v. Wilson, 90 Tenn., 271, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693; Chambers v. Chambers, 92 Tenn., 707, 714, 23 S. W., 67; Brooks v. George H. Friend Paper Co., 94 Tenn., 701, 705, 31 S. W. 160; Sheafer v. Mitchell, 109 Tenn., 181, 183, 193, 71 S. W., 86; Hamby v. Fouche, 15 Tenn. App., 248, 251; Wright v. Bridges, 16 Tenn. App., 576, 580, 65 S. W. (2d) 265. Appellants' first assignment of error is overruled.

Through their second assignment appellants assert, in substance, that the Chancellor erred in holding that "the complainant should not be precluded from a recovery in this cause by reason of laches in bringing suit."

The Cannon County Banking Company closed its doors and suspended business, because of its insolvency, and was, by decree of the Chancery Court of Cannon County placed in the hands of the Superintendent of Banks, as receiver, on November 15, 1930. At that time, complainant, as receiver of the First State Bank, had on deposit in the Cannon County Banking Company the sum of $5,834.88. It was to the advantage of appellants that the assets of the Cannon County Banking Company be liquidated and distributed among its creditors before proceedings be had against appellants on the bond here in .suit, and such liquidation and distribution was completed in the year of 1934, and on March 1, 1934, complainant made demand upon the appellants for the payment to him of the sum of $2,660.72 in compliance with their obligation on the aforesaid bond; but appellants paid no part of said sum, and this suit was brought on August 12, 1935.

■ ■ Appellants certainly have no just cause to complain of the delay in making demand on them until the assets of the Cannon County Banking Company were liquidated and distributed in due course, and it does not appear that, in the interim between that date and the institution of this suit, anything occurred that would deprive the appellants of evidence or work any disadvantage to them in defending this suit; hence the Chancellor did not err in holding that there was no delay that prejudiced the rights of the defendants. "Laches in legal significance, is not mere delay, but delay that works a disadvantage to another." 10 R. C. L., page 396, section 143. Appellants' second assignment of error is overruled.

Passing the third assignment of error for the present: we quote the appellants' fourth assignment as follows:

"The Court erred in finding that: 'When the Cannon County Banking Company closed its doors and went into the hands of receivership, the Receiver of the First State Bank of Woodbury, Tennessee, had on deposit with said Cannon County Banking Company the sum of $5,834.88. The Receiver of the First State Bank received from Cannon County Banking Company as dividends from time to time the sum of $3,174.16, leaving a balance of $2,660.72. And in adjudging and decreeing in favor of the petitioner and against appellants for said amount, with costs, for the reason there is no competent or legally admissible evidence in the record to sustain such a finding or decree and the only evidence on the subject and that upon which such finding and decree could be based was that of Witness H. W. Goodloe at page 80 of the record and of Witness J. O. Stark at page 87 of the record, both over the objection of Appellants made at the time offered as in violation of the 'Best Evidence' rule.''

It is quite obvious that if the testimony of Mr. Goodloe and Mr. Stark, or even that of Mr. Goodloe alone, be considered as probative evidence, there is ample proof to support the Chancellor's findings, challenged by the fourth assignment of error, supra.

An assertion in an assignment of error directed to the propriety of a finding of fact by the trial court, that such finding is not sustained by any competent or legally admissible evidence, is not sufficient as an assignment that the trial court erred in overruling objections to evidence.

Moreover, Rule 11 of the published Rules of this Court requires that assignments of error shall state "specifically wherein the action ·complained of is erroneous, and how it prejudiced the rights of the appellant;" and it is further provided by the same Rule that, "When the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found." See Appendix to 155 Tennessee Reports, page XII. The Supreme Court has the same Rules. Appendix to 155 Tennessee Reports, page V. Hence, if appellants' fourth assignment purported, by its terms, to be an assignment that the Chancellor·erred in admitting evidence over objection, it fails to "quote the full substance of the evidence admitted" as, required by the Rule above quoted.

References to pages of the record, without a quotation of the evidence, or a full statement of its substance, is not a sufficient compliance with the Rule. Wood v. Green, 131 Tenn., 583, 175 S. W., 1139; State ex rel. v. Collier, 160 Tenn., 403, 423, 23 S. W. (2d) 897; Dacus v. Knoxville Outfitting Company, 9¹ Tenn. App., 683, 690; Edgington v. Kansas City, M. & B. Railroad Company, 10 Tenn. App., 685, 690; Murray v. Patterson, 18 Tenn. App., 30, 35, 72 S. W. (2d) 558.

588

We may add that there is not a scintilla of evidence in the record tending to show that there is error in the figures given by Mr. Goodloe on which the Chancellor based the finding quoted in appellants' fourth assignment of error; hence there is no reason to suppose that the appellants will suffer any real injustice from their failure to obtain an investigation by this Court of the technical admissibility of such evidence. Appellants' fourth assignment of error is overruled.

Appellants' third and sixth assignments of error, are, in substance, directed to the same point, and may be considered together. The third assignment is that, "The Court erred in not finding, adjudging and decreeing that the sureties on bond sued on were not bound or liable thereon to the petitioner for other than a preferred claim against the principal obligor and that any other use of said bond was a diversion of same and unauthorized use thereof which operated to discharge them."

And the sixth assignment is as follows:

"The Court erred in holding that notwithstanding the sureties on the bond sued on signed the same relying upon the representations of H. S. Grigsby as the agent and representative of the State Banking Department and Receiver of the First State Bank that said bond was for a preferred claim against the Cannon County Banking Company and would be treated and used as such, that such facts were not sufficient in law to entitle the defendants (the sureties) to set said facts up as a matter of defense to this suit; that they were not entitled to the relief sought by their crossbill; and, that the defendants (the sureties) should be chargeable with the knowledge of the purport (of the bond) as a matter of law."

Referring to the Superintendent of Banks when acting as receiver of an insolvent bank, it was provided, among other things, by section 10 of Chapter 20 of the Banking Act of 1913 that, "The money collected by the superintendent shall be from time to time deposited in one or more solvent local banks, the superintendent requiring a bond from such banks to secure such deposits." See Code, Section 5989.

The bond on which this suit is founded was executed pursuant to and in conformity with the requirements of the above quoted statute. The Superintendent of Banks had no power or authority to insert or annex any other conditions in or to said bond; and. if conditions not authorized by the governing law had been superadded, such conditions would have been void, and the lawful provisions of the bond would have been valid and binding. Polk v. Plummer, 2 Humph., 500, 509, 37 Am. Dec., 566; Enochs v. Wilson, 11 Lea, 228, 234; Ranning v. Reeves, 2 Tenn. Ch., 263, 267, and other cases there cited.

All persons dealing with public officers are bound to take

notice of the law prescribing their authority and powers. Wisconsin Cent. R. Co. v. U. S., 164 U. S., 190, 17 S. Ct., 45, 41 L. Ed., 399, 407; Mullan v. State, 114 Cal., 578, 46 P., 670, 34 L. R. A., 262, 264; Note to Baird v. Shipman, 22 Am. St. Rep., 510.

The law in force at the time of the execution of a statutory bond, giving it a certain legal effect, is part of the bond, and the sureties are considered as having known the law and as having made their engagements in reference thereto. 22 R. C. L., page 503, section 186; Estate of Ramsay v. People, 197 Ill., 572, 64 N. E., 549, 90 Am. St. Rep., 177, 182; State v. McGuire, 46 W. Va., 328, 33 S. E., 313, 76 Am. St. Rep., 822. Also the Tennessee cases cited supra.

As found by the Chancellor, "the bond sued on was in the form required by law," and we agree with the Chancellor that "the defendants should be chargeable with the knowledge of its purport as a matter of law."

In taking the bond in question the Superintendent of Banks and his representative, Grigsby, were acting in an official capacity, with power and authority prescribed by statute, and in dealing with them, the appellants were bound to take notice of the limitations upon their authority. Appellants cannot successfully defend in this case upon the ground that Grigsby represented to them that the deposit of the Receiver of the First State Bank would be a preferred claim against the assets of the Cannon County Banking Company and paid in advance of the claims of the general creditors of the Cannon County Banking Company.

Appellants seek to invoke the doctrine of "diversion of instruments," which is defined in Hermitage National Bank v. Carpenter, 131 Tenn., 136, 141, 143, 174 S. W., 263, 265, Ann. Cas. 1916D, 730, as follows: "If one becomes surety on a note for a specified purpose, according to the agreement of the parties, he is not liable if it is used for a different purpose without his consent to one chargeable with knowledge of that purpose and of the diversion. . . . The diversion which may effect the release of the surety need not be that of the instrument itself. A misapplication of the proceeds of a note or contract works the same result."

It seems obvious that the principles which, in our opinion, govern this case, as hereinbefore stated, preclude reliance by the appellants upon the doctrine of "diversion of instruments." Such doctrine could have no application where, as in the instant case, the law imputed to the sureties knowledge of the legal effect of the instrument and the lawful authority of the person accepting it.

We concur in the Chancellor's findings challenged by the third and sixth assignments of error, and those assignments are overruled.

The fifth assignment of error is that, "there is no evidence to support the finding and decree of the Court."

No reasons are offered in support of the fifth assignment, other than those offered for support of the assignments heretofore disposed of, and it is likewise overruled.

This disposes of all the assignments of error. They are all overruled and the decree of the Chancery Court is affirmed. A decree will be entered here for a judgment in favor of the complainant D. D. Robertson, Superintendent of Banks and Receiver of the First State Bank of Woodbury, Tennessee, and against the defendants W. F. Brevard, J. F. Adams, Mortie Bragg and B. M. Downing, and the surety on their appeal bond, for the sum of Two Thousand Six Hundred and Sixty and 72/100 Dollars ($2,660.72), with interest thereon from the date of the decree below (January 6, 1938), and for the costs of the cause, including the costs of the appeal, except that certain part of the costs adjudged against the complainant below.

Crownover and Felts, JJ., concur.