STATE *ex rel.* MORGAN COUNTY, *v.* GOUGE *et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

GEORGE W. DAGLEY, of Wartburg, for plaintiff.

ELMER L. EBLEN, of Kingston, and J. H. McCARTT of Wartburg, for defendants.

Mr. Justice Prewitt. delivered the opinion of the Court.

The Chancellor sustained the demurrer and this appeal resulted. The controversy involves the grade of a state highway passing through Morgan County. It seems that the defendants Gouge and others executed general warranty deeds to the county for the highway. The defendants claim that it was represented to them when the deeds were signed that the grade would be about the same as then existing but the plans were changed and a fill of approximately five feet was put in front of their property.

Morgan County filed the original bill seeking to restrain the defendants from interfering with the construction of the highway leading from the intersection of No. 116 and No. 162 in Morgan County, and the bill set out that Morgan County had purchased various rights of way along this project, including the right of way through the property of the defendants, paying them valuable consideration therefor, and that defendants executed a warranty deed to the state for said right of way.

The defendants answered and admitted that they conveyed a right of way to Morgan County to build a road through their property but it was under an agreement with said county that the road would be constructed almost level with their property, and that after execution of the deed to the state, the plans were changed and a

fill of approximately five feet was built in front of their property which greatly damaged them, and they sued the county by way of cross bill for said damages. Morgan County then demurred to the cross bill and the Chancellor was of the opinion that the cause was controlled by the case of *McDonald* v. *Scott County*, 169 Tenn. 374, 87 S. W. (2d) 1019.

The defendants and cross complainant rely principally on the case of *Hollers* v. *Campbell County*, 192 Tenn. 442, 241 S. W. (2d) 523. In the former case, it appears that Scott County and the town of Oneida, in cooperation with the State Highway Department, began the construction of a highway through the town of Oneida. McDonald owned a large brick garage and dwelling house on the site over which the highway was being constructed, which fronted 300 feet on the street; that the town of Oneida had entered into an agreement with the State Highway Department to furnish a right of way through said town; that defendant Scott County and the town of Oneida and the representatives of the State Highway Department represented to McDonald that if he would grant the right of way there would be no change in the grade in front of his property; that relying upon this representation, he granted said strip to the county; that thereafter the construction of the highway was begun and that in so doing, the grade of the highway was raised three feet above the established grade immediately in front of his property, and that as a result, he was damaged by having his ingress and egress obstructed and by causing water to back up in rainy seasons on his property.

The trial judge sustained the demurrers of the county and the town of Oneida and this Court upheld the sustaining of the demurrer of the county, the Court holding

that the routing of a highway over streets is by statute delegated to the Department of Highways and Public Works under Code Section 3246, and in that case the Court said [169 Tenn. 374, 87 S. W. (2d) 1021]:

"One dealing with a county is bound at his peril to take notice of the limitation of its authority. *State ex rel.* v. *Lebanon & Nashville Turnpike Co.*, 151 Tenn. 150, 268 S. W. 627. The representations alleged in the declaration to have been made to plaintiff, by representatives of the county, with reference to the grade of the highway in front of his premises, having been made without legal authority, are not binding on the county."

The Court in that case held that the town of Oneida was liable for the damages.

In *Hollers* v. *Campbell County,* supra, it appears that the plaintiff sued the county for damages for changing and raising the grade of the road near their property, causing water flowing and draining on said pike to flow on their property washing the surface away and causing the soil to be damp and soggy, that an unhealthy condition resulted and there was permanent decrease in value of their property. The county demurred, the ground of demurrer being that the county was not liable for the torts of its officials; that the plaintiff's declaration did not proceed on the theory that defendant had taken any of the plaintiff's property. The trial judge sustained the demurrer and this Court reversed, holding that the declaration stated a cause of action under Code Section 3132, which is a part of the eminent domain statutes of this state. In the Hollers case, the county was raising the grade after a road or highway had already been estab-

lished and there had been no compensation paid to the landowner for a highway.

We are of the opinion, therefore, that the Chancellor was correct in sustaining the demurrer to the cross bill and his decree is affirmed.