CHARLES W. DENNY *et ux. v.* WILSON COUNTY.

*(Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

Louis Chambers, and E. R. Woolard, both of Lebanon, for plaintiffs.

Willard Hagan, of Lebanon, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit instituted by plaintiffs, Denny and wife, to recover of Wilson County, damages for a change in the grade of a right-of-way in front of their property, on the West side of State Highway No. 10 in the 10th Civil District of Wilson County, Tennessee, and North of the City limits of Lebanon.

The Circuit Court sustained a demurrer to the declaration and dismissed the suit.

The appeal here states that the strip involved is 101 feet long, and contains 0.09 acres, more or less.

The declaration sets out that when the plaintiffs signed the warranty deed to the right-of-way it was represented to them that the maximum limit of the grade or elevation would be 1.6 feet; that instead the grade was several times more or approximately 6 feet in height, and that this change greatly damaged their property; that such raise of the grade in front of their residence greatly impaired its market value and usefulness. The

Court paid plaintiffs $100 for the right-of-way, and the declaration avers:

"the same being in full satisfaction and compensation for the land and any and all damages which they might suffer over and above incidental benefits."

It is insisted by the plaintiffs that they have a right of action on account of this marked and substantial change in the grade, and that such change was not contemplated by the parties at the time the deed was executed.

We have three situations that arise in the acquisition of rights-of-way for highway purposes:

1st. Where the property is taken by condemnation proceedings provided by statute;

2nd. Where the public authorities take the property without condemnation, the property owner is given one year to sue for damages for the taking;

3rd. Where in the first instance, as is the case here, the property owners convey by deed the right-of-way for public use.

█ In the first class of cases, where the landowner suffers damages as the result of condemnation and use of his land, which neither he nor the condemnor contemplated at the time of the proceedings; and the damage is of such nature that the Court would have rejected an attempt to prove the same in the condemnation proceedings as speculative and conjectural, the landowner may be compensated for such damage in a subsequent action. *Fuller* v. *City of Chattanooga,* 22 Tenn. App. 110, 118 S. W. (2d) 886; *Jones* v. *Oman,* 28 Tenn. App. 1, 184 S. W. (2d) 568; 29 C. J. S., Eminent Domain, Sec. 328, p. 1372; 18 Am. Jur 1011, Eminent Domain, Sec. 369.

█ In the second group of cases we find instances where the public authorities take over the property without the usual condemnation proceedings, and in such

cases they have one year to institute suit after the taking.

Our recent case of *Hollers* v. *Campbell County*, 192 Tenn. 442, 241 S. W. (2d) 523, is illustrative of this class of cases. In the Hollers case we held that the action was not in tort, but rather a taking for which compensation should be allowed. In that case we held that plaintiff was not proceeding upon the theory of a nuisance. *Odil* v. *Maury County*, 175 Tenn. 550, 136 S. W. (2d) 500; *Buckholtz* v. *Hamilton County*, 180 Tenn. 263, 174 S. W. (2d) 455.

There the plaintiffs sued complainant county for changing and raising the grade of a pike near their property, causing water flowing and draining on said pike to flow on their property washing some of the surface away and causing the soil to be damp and soggy. That said acts on the part of the county caused the water falling on said pike and draining thereon to change their natural and regular course of flow and caused the said water falling and accumulating and draining on this pike to drain and flow on to the property of the plaintiffs in great quantities; that the plaintiffs maintained their home on said realty, which they claim, before said wrongs, was a valuable piece of property. That the waters which the defendant had wrongfully diverted on the plaintiffs' property had washed away the surface of some of the soil and had made it unhealthful and that said flood waters have already caused a permanent decrease in the value of plaintiffs' property. There a recovery was allowed.

In *Knox County* v. *Lemarr*, 20 Tenn. App. 258, 97 S. W. (2d) 659, it was held that the county is liable to abutting landowners for destruction or impairment of owner's right of ingress and egress in construction of

street or road. See *Barron* v. *Memphis,* 113 Tenn. 89, 80 S. W. 832.

In *Pumpelly* v. *Green Bay & Miss. Canal Co.,* 13 Wall. 166, 20 L. Ed. 557, the Supreme Court of the United States said:

> "It would be a very curious and unsatisfactory result if, in construing a provision of constitutional law, * * * it shall be held that, if the government refrains from the absolute conversion of real property to the uses of the public it can destroy its value entirely; can inflict irreparable and permanent injury to any extent; can, in effect, subject it to total destruction—without making any compensation, because in the narrowest sense of that word it is not taken for public use. Such a construction would pervert the constitutional provision into a restriction upon the rights of the citizen, as these stood at common law, instead of the government, and making it an authority for invasion of private right under the pretext of the public good."

See *Central Realty Co.* v. *City of Chattanooga,* 169 Tenn. 525, 89 S. W. (2d) 346.

In the third class of cases we deal with the situation where a deed has been executed to the proposed right-of-way. Whether the right to maintain a separate suit is reserved in the landowner depends upon the language and effect of the deed conveying the right-of-way in question.

In the present case it is to be noted that the plaintiffs, for a valuable consideration, acknowledged the consideration as being:

> "any and all damages which they might suffer over and above incidental benefits."

In view of the above language just quoted it can hardly be said, giving effect to the written expression of the parties, that incidental damages was not within the contemplation of the parties at the time of the execution of the warranty deed.

The plaintiffs insist the damage claimed in the declaration, that is the material raising of the grade, was not within the contemplation of the parties at the time of the execution of the deed, and relies upon the case of *Morgan County* v. *Neff,* 36 Tenn. App. 407, 256 S. W. (2d) 61, 62. In that case the plaintiff executed a right-of-way deed to Neff, conveying a strip along the entire front of farm 145 feet wide and a distance of approximately 900 feet. The material part of the deed in that case was as follows:

" 'This conveyance is made in consideration of the sum of $600.80 cash in hand paid, the receipt of which is hereby acknowledged and said sum is in full payment for said above described right-of-way and all damages which may be done to the remainder of said land by the construction of a highway upon said right-of-way.' "

It appears in that case that the landowner, who executed right of way deed of strip along entire length of farm, was unaware that creek channel along edge of right-of-way could cut off ingress and egress to the farm. The Court held that this was exception to usual rule that such deed embraced by implication all damages necessarily incident to making the land effectual for purpose for which it was acquired, and right of way deed did not preclude recovery for loss of ingress and egress.

In *Carter County* v. *Street,* 36 Tenn. App. 166, 252 S. W. (2d) 803, the Court applied the exception because it appeared that the landowner had no information when

he executed a deed to the right-of-way that cuts and fills would be of such magnitude that slides would result in damage to his remaining lands.

The Court of Appeals said in the *Carter County* v. *Street,* supra, that language in the right of way deed similar to that contained in the Neff case with reference to damages to the remainder of grantor's lands should not be construed as concluding a claim for damage for slides in grading the right of way.

Where land was conveyed by general warranty deed to a county for highway purposes, under an agreement with said county that the road would be constructed almost level with the abutting land, and there was a change of plans raising the grade of the road approximately 5 feet above said land, the county was not liable in damages, because its officers had no anthority to make such agreement. *State ex rel. Morgan County* v. *Gouge,* 194 Tenn. 484, 487, 253 S. W. (2d) 721.

None of the cases above cited involved, or considered the effect of a deed as an estoppel where such deed recites that the consideration for it is in full of *all damages* that may be sustained by the grantor; and none of them is an authority against such an estoppel.

■    Where an applicable rule, statute or common law, is overlooked in the decision of a case, such decision is no authority against the rule or for the proposition that the rule is not to be applied in a like case in the future. *Katzenberger* v. *Weaver,* 110 Tenn. 620, 635, 636, 75 S. W. 937, 941; *KVOS, Inc.,* v. *Associated Press,* 299 U. S. 269, 289, 57 S. Ct. 197, 81 L. Ed. 183, 188; *State ex rel.* v. *Nashville Baseball Club,* 127 Tenn. 292, 154 S. W. 1151; *Winters* v. *American Trust Co.,* 158 Tenn. 479, 14 S. W. (2d) 740; *State ex rel. Lea* v. *Brown,* 166 Tenn. 669, 64

S. W. (2d) 841, 91 A. L. R. 1246; *Burns* v. *Duncan,* 23 Tenn. App. 374, 133 S. W. (2d) 1000.

■ The recital in the deed, that the consideration for it is in full of all damages that the grantor may suffer, is an estoppel and a bar against his right later to sue for such damages.

■ There are three kinds of estoppel viz.: (1) by record, (2) by deed, and (3) by matter *in pais.*

"Estoppel by a deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it." 19 Am. Jur., Estoppel, Sec. 6, p. 603.

" 'A fact admitted by recital, or directly in a covenant or deed, concludes all the parties to it, and cannot be averred against.' *Henderson* v. *Overton,* 10 Tenn. (2 Yerg.), 394-397 (24 Am. Dec. 492)." *Battle* v. *Claiborne,* 133 Tenn. 286, 302, 180 S. W. 584, 588.

" 'Estoppel by warranty is based on the fundamental principles of giving effect to the manifest intention of the grantor, appearing on the deed, as to the lands or estate to be conveyed, and of preventing the grantor's derogating from or destroying his own grant by any subsequent act.' *Condit* v. *Bigalow,* 64 N. J. Eq. 504, 54 A. 160." *Battle* v. *Claiborne,* supra, 133 Tenn. 303, 180 S. W. 588.

■ It is true an estoppel must be specially pleaded in a suit in equity, or the facts constituting the estoppel must be set out in some pleading, though it is not necessary to use the word estoppel. But in an action at law an estoppel need not be specially pleaded, but may be enforced without being specially pleaded. *Boone* v. *Citi-*

*zens Bank & Trust Co.,* 154 Tenn. 241, 290 S. W. 39; 50 A. L. R. 1369.

In the case at bar the facts constituting the estoppel—the recital or provision of the deed—did appear in the declaration. That is, the declaration showed on its face that plaintiffs were estopped to maintain this action, and therefore the demurrer was properly sustained by the Trial Court.

It is true the Trial Court did not base his action upon the ground of estoppel; but he nevertheless reached the correct result, and such result, being correct, should be affirmed.

Where the Trial Court rules correctly, but states an erroneous reason for such ruling, the Appellate Court will uphold the ruling, basing its decision on what it conceives to be the correct theory. *State ex rel. McConnell* v. *First State Bank,* 22 Tenn. App. 577, 586, 124 S. W. (2d) 726, and numerous cases there cited; *Blaylock* v. *Stephens,* 36 Tenn. App. 464, 467-468, 258 S. W. (2d) 779.

The judgment of the lower Court is affirmed.