IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 21, 2004 Session

## CLINTON BOOKS, INC. v. CITY OF MEMPHIS

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-007680-01     The Honorable Robert A. Lanier, Judge**

───────────

**No. W2003-01300-COA-R3-CV - Filed November 3, 2004**

───────────

At issue in this appeal is the legislature's authority, under the Tennessee Constitution, to impose mandatory closing times on adult-oriented businesses in order to combat the secondary effects associated with those establishments. Appellants, Clinton Books, Inc. ("Clinton Books") and Fantasy Warehouse, Inc. ("Fantasy Warehouse"), challenge the constitutionality of T.C.A. § 7-51-1402 through 7-51-1406 ("the Act"), arguing that the Act violates several rights guaranteed by the Tennessee Constitution, among them the rights of religious and expressive freedom, due process, and equal protection of the law. Appellants further contend that the trial court erred in ruling on the merits of their claims during the hearing on a motion for temporary injunction. We affirm in part, reverse in part, and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in part, Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Michael F. Pleasants, David Andrew E. Lumb, and Frierson M. Graves, Jr., Memphis, For Appellant, Clinton Books, Inc.

Edward M. Bearman, Memphis, and Bradley J. Shafer, Lansing, Michigan, For Intervening Plaintiff/Appellant, Fantasy Warehouse, Inc.

Steven D. Townsdin, Memphis, For Defendant/Appellee, City of Memphis

Paul G. Summers, Attorney General and Reporter, State of Tennessee; Michael E. Moore, Solicitor General; Steven A. Hart, Special Counsel, For Intervenor Defendant/Appellee, Tennessee Attorney General Summers

# OPINION

## I. FACTUAL BACKGROUND

In 1995, the Tennessee Legislature enacted Chapter 421 of the Tennessee Public Acts, which was codified as T.C.A. § 7-51-1401 through 7-51-1406 (1998) ("the Act"). The Act places certain restrictions on the operation of adult-oriented establishments. The Act defines "adult-oriented establishment," in relevant part, as follows:

> (4) "Adult-oriented establishment" means any commercial establishment, business or service, or portion thereof, which offers, as its principal or predominant stock or trade, sexually-oriented material, devices, or paraphernalia or specified sexual activities, or any combination or form thereof, whether printed, filmed, recorded or live and which restricts or purports to restrict admission to adults or to any class of adults. "Adult-oriented establishment" includes, but is not limited to:
>
> > (A) "Adult book stores," which means any corporation, partnership or business of any kind which has as its principal or predominant stock or trade, books, magazines or other periodicals and which offers, sells, provides or rents for a fee:
> >
> > > (i) Any sexually-oriented material which is available for viewing by patrons on the premises by means of the operation of movie machines or slide projectors; or
> > >
> > > (ii) Any sexually-oriented material which has a substantial portion of its contents devoted to the pictorial depiction of sadism, masochism or bestiality; or
> > >
> > > (iii) Any sexually-oriented material which has as its principal theme the depiction of sexual activity by, or lascivious exhibition of, the uncovered genitals, pubic region or buttocks of children who are or appear to be under eighteen (18) years of age ....

T.C.A. § 7-51-1401. The specific provision of the Act at issue in this case, T.C.A. § 7-51-1402, requires that such adult-oriented establishments be closed during specified times:

> (a) No adult-oriented establishment shall open to do business before eight o'clock a.m. (8:00 a.m.), Monday through Saturday; and no such establishment shall remain open after twelve o'clock (12:00) midnight, Monday through Saturday. No adult-oriented establishment shall be open for business on any Sunday or a legal holiday as designated in § 15-1-101.
>
> (b) A local ordinance, resolution or private act may establish opening hours for adult-oriented establishments which are later than eight o'clock a.m. (8:00 a.m.) and closing hours which are earlier than twelve o'clock (12:00) midnight, but in no event may such ordinances, resolutions or private acts extend the opening hours to earlier than eight o'clock a.m. (8:00 a.m.) or the closing hours to later than twelve o'clock (12:00) midnight.

It is these mandatory closing times that are at issue in this appeal.

Appellants, Clinton Books, Inc. ("Clinton Books") and Fantasy Warehouse, Inc. ("Fantasy Warehouse"), operate adult-oriented businesses located in Memphis that predominantly trade in sexually-oriented books, magazines and videos. In August of 2001, the Memphis Police Department cited employees of both Clinton Books and Fantasy Warehouse for violation of T.C.A. § 7-51-1402.

After the citations were issued, the appellants complied by closing their stores during the required times. There is evidence in the record that profits for both bookstores declined significantly due to the mandatory closings required by the statute.

## II. PROCEDURAL HISTORY

On December 27, 2001, in the Shelby County Circuit Court, Clinton Books filed a complaint for declaratory judgment which also requested a temporary and permanent injunction challenging the constitutionality of the Act on the grounds that it violated various provisions of the Tennessee Constitution, including equal protection, freedom of speech, and due process. On December 28, 2001, Clinton Books filed a motion for temporary injunction. Clinton Books sent copies of both the complaint and the motion to the Attorney General.

On January 22, 2002, Fantasy Warehouse filed a Motion to Intervene. On February 22, 2002, an Order was entered granting the motion to intervene.

On February 13, 2002, the Attorney General for the State of Tennessee filed a Motion to Intervene to defend the constitutionality of the Act. The original defendant was the City of Memphis, whose police officers had issued citations in August 2001 for violation of the Act.

The Motion for temporary injunction was set for hearing on May 16, 2002. The Attorney General filed three volumes of exhibits consisting of legislative history, various studies, and miscellaneous letters and statements. The court heard testimony from various witnesses. Another hearing was held on March 13, 2003. No testimony was heard at that hearing, only argument of counsel. On April 2, 2003, the court entered an order denying the injunction and dismissed the case for lack of jurisdiction and upheld the validity of the statute. Appellants filed their notice of appeal on April 29, 2003. Clinton Books filed a motion to alter or amend the final judgment on April 24, 2003. Fantasy Warehouse filed a motion to alter or amend the final judgment on April 25, 2003. The court denied these motions in an order entered on August 6, 2003. After the trial court denied their motions to alter or amend, Clinton Books filed a supplemental notice of appeal on September 3, 2003, and Fantasy Warehouse filed a supplemental notice of appeal on September 4, 2003.

### III. ISSUES PRESENTED

Appellants present numerous issues for review. We perceive the issues to be as follows:

1.  Whether the Circuit Courts of this State have jurisdiction to enjoin the enforcement of an unconstitutional statute, the violation of which subjects the offender to criminal penalties, and whether the doctrine of former suit pending bars any challenge to such unconstitutional statute.

2.  Whether the Circuit Court erred in dismissing the causes of action filed by the Plaintiff and the Intervening Plaintiff, which contained a number of constitutional challenges and other claims for relief but which were not placed in issue in the motions for temporary injunction; the rulings upon which led to the *sua sponte* dismissal of all claims.

### IV. STANDARD OF REVIEW

Our standard of review in this non-jury case is *de novo* upon the record of the proceedings below and there is no presumption of correctness with respect to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, **919 S.W.2d 26 (Tenn.1996)** and Tenn. R.App. P. 13(d). The trial court's factual findings are, however, presumed to be correct and we must affirm such findings absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston*, **854 S.W.2d 87 (Tenn.1993)**.

### V. ANALYSIS

Appellants contend that the Act infringes upon numerous guarantees of the Tennessee Constitution, including freedom of religion, freedom of expression, due process and equal protection. Appellee argues that the Act falls within the authority of the state to regulate secondary effects of adult-oriented establishments. The briefs filed by Appellants and Appellees in this appeal offer extensive argument as to whether the Act offends the Tennessee Constitution. However, we need not resolve the question of the statute's constitutionality at this time. We need only address two questions: (1) Whether the Circuit Court has jurisdiction to enjoin the enforcement of an allegedly unconstitutional criminal statute, and whether the doctrine of former suit pending bars any challenge by plaintiffs to the allegedly unconstitutional statute; and (2) whether the Circuit Court erred in dismissing, *sua sponte* and during a hearing on a motion for temporary injunction, the causes of action filed by Appellants in their complaints. We will address each of these two questions in turn.

**A.**
*Jurisdiction of circuit court to enjoin a criminal statute,*
*and application of doctrine of former suit pending*

In the trial court's Order Denying Petition for Temporary Injunction, entered on April 2, 2003, the trial court stated that "this Court cannot grant an immediate remedy [to plaintiffs]. It does not have the authority to enjoin a district attorney general from prosecuting under the statute at bar." In support of this proposition, the court cites **Tennessee Downs, Inc. v. Gibbons**, **15 S.W.3d 843, 848 (Tenn.Ct.App. 1999)**, which states:

> A district attorney general is answerable to no superior and has virtually unbridled discretion in determining to prosecute and for what offense. No court may interfere with the discretion of a district attorney general to prosecute, and, in the formulation of this decision he or she is answerable to no one.

*Id.* at 848. The court further denied the Appellants' motion for declaratory judgment, pointing out that the Appellants themselves had not yet been subject to criminal prosecution. Only their employees had been cited for violation of the statute. The trial court wrote,

> [I]f [Appellants] have not yet been subject to prosecution and are only alleging that they might become subject to prosecution in the future, then a declaratory judgment cannot be granted .... [A] declaratory judgment may not be given to 'allay fears as to what may occur in the future.' Therefore, this Court cannot grant a declaratory judgment regarding a future possibility based upon Plaintiffs' fears of the future.

The trial court, in its Order on the Plaintiffs' motions to alter or amend the judgment, later reversed its position and found that the Plaintiffs *could* maintain an action for declaratory judgment. But the

court suggested that such a declaratory judgment, even if granted, would be unavailing to the plaintiffs since the trial court lacked jurisdiction to enjoin a criminal prosecution.

With respect to the motions for injunction, Appellants disagree with the trial court's characterization of the Tennessee law of injunctions, and they cite *Planned Parenthood of Middle Tennessee v. Sundquist*, **38 S.W.3d 1 (Tenn. 2000)**, as support for the view that civil courts have the authority to enjoin the enforcement of a criminal statute. In *Planned Parenthood*, the Tennessee Supreme Court found that certain abortion statutes were unconstitutional under the Tennessee Constitution, and ordered that the trial court enter a permanent injunction restraining the defendants, in their official capacities, from enforcing the unconstitutional provisions of the challenged statute.

Appellants' reliance on Planned Parenthood is misplaced. This Supreme Court's mandate for injunction dealt primarily with civil requirements of various participants in the abortion process, and this Court gave no indication that it was making a material change to the long-standing established law concerning a civil court's enjoining prosecution under criminal law. Moreover, in the case of *Denny v. Wilson County*, 281 S.W.2d 671 (Tenn. 1955), the Court said:

> Where an applicable rule, statute or common law, is overlooked in the decision of a case, such decision is no authority against the rule or for the proposition that the rule is not to be applied in a like case in the future.

*Id.* at 674 (citations omitted).

Under Tennessee law, a civil court does not have authority to enjoin the enforcement of a criminal statute, and this court has plainly stated this principle in the case of *Campbell v. Sundquist*, **926 S.W.2d 250 (Tenn.Ct.App. 1996)**. In *Campbell*, homosexual plaintiffs brought an action challenging the state's Homosexual Practices Act under various provisions of the Tennessee Constitution. This court found that it was not within the authority of a civil court to issue the injunction sought by the plaintiffs, and stated, "[i]t is clear that this court may not enjoin pending or threatened prosecutions for the violation of the criminal laws of this state." *Id*. at 266. The trial court in the case at bar was correct in finding that it was without jurisdiction to enjoin the enforcement of the challenged statute.

The trial court further found that the doctrine of former suit pending "prevents this Court from being able to decide the same issue which is raised as a defense in the criminal proceeding." We disagree with the trial court's conclusion that the doctrine of former suit pending bars this suit challenging the constitutionality of a criminal statute. In *City of Newport v. Massengill Auction Co.*, **19 S.W.3d 789 (Tenn.Ct.App. 1999)**, we explained the scope of the former suit pending doctrine: "[T]he two suits must involve the identical subject matter and be between the same parties and the former suit must be pending in a court in this state having jurisdiction of the subject matter and the parties." *Id.* at 793 (quoting *Cockburn v. Howard Johnson, Inc.*, **215 Tenn. 254, 385 (Tenn. 1964)**). The criminal prosecutions cited by the trial court are not between the "same parties" as in

the case at bar. Therefore, the doctrine of former suit pending does not bar this action from proceeding.

For these reasons, we find that while the trial court was correct in denying Appellants' motions for temporary and permanent injunction, the trial court erred in finding that the doctrine of former suit pending barred the Appellants from bringing an action in civil court while the prosecutions proceeded against their employees, for violation of the Act, in criminal courts.

**B.**
*Dismissal of Appellants' claims by the circuit court*

Appellants contend that the trial court erred in dismissing the complaints of Clinton Books and Fantasy Warehouse with prejudice when there were several constitutional challenges that were not raised in Appellants' motions for temporary injunction. Appellants allege that the court's *sua sponte* dismissal of all of their claims was improper because they were denied the opportunity to argue these claims fully.

The trial court's order dismissing all the Appellants' claims was titled, "Order Denying Petition for Temporary Injunction," and the order was entered after an evidentiary hearing held on May 16, 2002, and a second hearing on March 13, 2003. At the first hearing, testimony was taken from several witnesses; at the second hearing, the court heard arguments of counsel. On April 2, 2003, the trial court entered the Order Denying Petition for Temporary Injunction. In its Order, the court analyzed three of the Appellants' constitutional claims—that the forced closing times violated their rights to freedom of expression, that the Sunday and holiday closings unconstitutionally furthered Christianity, and that the statute violated equal protection because it treats adult bookstores and adult cabarets differently—and found that they were all without merit. In the Order Denying Petition for Temporary Injunction, the trial court wrote:

> Plaintiffs pray for a temporary injunction allowing them to reopen their facilities until this matter is resolved. However, this Court will dismiss this case based on the doctrine of former suit pending, lack of authority to enjoin the district attorney general, and the inability to grant a declaratory judgment based on possible future events .... **Because of the foregoing reasons, Plaintiffs have not shown that their rights are being violated because Tennessee Code Annotated § 7-51-1402 was not found to be unconstitutional.** Also, assuming the legislature is correct regarding the secondary effects of adult establishments, the State has a greater interest in protecting society than Plaintiffs' economic gains which does not rise to irreparable damage. For these reasons, Plaintiffs petition for temporary injunction is denied.
>
> WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs petition for temporary injunction is denied,

and the Court dismisses the case for lack of jurisdiction. Plaintiffs shall be responsible for all court costs equally.

(Emphasis added). However, in its Order on Plaintiffs' motions to alter or amend the final judgment, the trial court specifically stated that the challenged statute was constitutional:

> WHEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiffs' petition to alter or amend this Court's previous order is denied; and T.C.A. §§ 7-51-1401 through 1406 is found valid under Article II, §17, of the Tennessee Constitution.

It is apparent that the trial court, in ruling on the merits of the Appellants' constitutional claims upon a hearing of their motions for temporary injunction, either effectively issued a declaratory judgment or dismissed the action on its merits. In either event, the trial court went beyond the proper scope of a hearing on a motion for temporary injunction. Rule 65.04(7) of the Tennessee Rules of Civil Procedure requires that, in order for a hearing of an application for temporary injunction to be consolidated with a trial of the action on the merits, the trial court must so order. The Rule reads, in relevant part,

> Before or after the commencement of the hearing of an application for a preliminary injunction, the Court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.

In the case of ***Johnson v. City of Clarksville*, 2003 WL 21266937 (Tenn.Ct.App. 2003)**, the plaintiff, the Southern Secrets Bookstore in Clarksville, Tennessee, challenged a Clarksville ordinance regulating adult-oriented businesses, alleging that the ordinance violated the plaintiff's First Amendment right of freedom of expression. The trial court consolidated the hearing of the plaintiff's application for temporary injunction with a hearing on the merits. The trial court struck down small portions of the ordinance, but determined that the rest of the ordinance was constitutional. It dismissed the complaint for declaratory judgment, as well as the plaintiff's original complaint. This court found that the consolidation of the hearing of the application for temporary injunction with a trial on the merits was improper, because the trial court did not give notice to the parties of such consolidation, pursuant to Tenn.R.Civ.P. 65.04(7). We wrote:

> It is undisputed that the trial court in this case did not order a Rule 65.04(7) consolidation, nor did it provide notice to the parties of its intent to consolidate the hearings. Further, the parties were not advised that the court had in fact consolidated the hearings until the court issues its memorandum dismissing the action .... Although Rule 65.04(7) clearly establishes that it is within the authority of the court to order an application for temporary injunction consolidated with a hearing on the merits, it may not exercise such authority without

> notice to the parties. Notice of the issues to be tried is fundamental to the judicial process, and parties are entitled to such notice in advance of the trial date. The United States Supreme Court has addressed the identical language of Fed.R.Civ.P. 65(a)(2), opining: "[b]efore such an order [of consolidation] may issue, however, the courts have commonly required that 'the parties should normally receive clear and unambiguous notice ... either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'"

*Id.* at *3 (internal citations omitted). We find nothing in the record that indicates that the trial court properly ordered the consolidation of the hearing of the application for temporary injunction with a trial on the merits. Indeed, the transcripts of the proceedings at the trial level contain statements by Appellants and Appellees to the effect that the hearings on May 16, 2002 and March 13, 2003 were pursuant to the motions for temporary injunction, and that both sides desired a full trial on the merits at a later date. On neither occasion did the trial court indicate any disagreement with these statements. For example, at the May 16, 2002 hearing, attorney Steven A. Hart, representing the Attorney General, engaged in the following colloquy with the trial court:

> MR HART: ... I would just submit that today we are here on the Motions for Temporary Injunction. We are not here for a trial on the merits under the Declaratory Judgment Act. There seems to be some implication that the Court could just jump ahead and make that declaration on the merits and get beyond considering this Motion for Temporary Injunction, and the State would object to that, because we intend to have discovery and fully prepare this case for trial when it comes up.
>
> THE COURT: Anything else?

A similar colloquy occurred at the March 13, 2003 hearing. Michael Pleasants, attorney for Clinton Books, and Bradley Shafer, attorney for Fantasy Warehouse, had the following exchange with the trial court:

> THE COURT: ... [N]ow, we are to you wanting an injunction against criminal prosecution of the—your clients. Is that right?
>
> MR. PLEASANTS: Well, against the criminal prosecution of our—not of our —yes, of our clients. And also declaratory judgment that the act is within the Constitution.
>
> THE COURT: Okay. Mr. Shafer is on his feet.

MR. SHAFER: Well, the only thing I was going to say, Your Honor, is that I don't think we have so limited the Request for relief in regard to merely our clients. We have made facial challenge to this statute under the state constitution and we are asking for a temporary injunction pending a full trial on the merits in this matter against the enforcement of this statute against anyone.

If the Court may recall from the last evidentiary hearing .... Mr. Hart got up and specifically indicated to the Court, and we agree with him, that the State wanted it to be clear that this was not their trial on the merits, that at a later date, whenever we have a trial on the merits, the State would—is probably going to want to present additional evidence, as would we, but this is really just limited to temporary injunction.

THE COURT: All right.

These exchanges between the parties and the trial court make it clear that the parties understood the purpose of the May 16, 2002 and March 13, 2003 hearings to be limited to considering the plaintiffs' motions for temporary injunction. Therefore, we find that the trial court improperly entered a final order without giving notice that the hearings on the motions for temporary injunction were to be consolidated with a trial on the merits.

## CONCLUSION

Accordingly, the order of the trial court denying the motions for temporary injunction is affirmed, and the order in all other respects is reversed. The case is remanded to the trial court for such further proceedings on the declaratory judgment action consistent with this opinion. Costs of this appeal are assessed one-half to the Appellants, Clinton Books and Fantasy Warehouse, and their sureties, and one-half to the Appellees, the City of Memphis, Paul Summers in his capacity as Attorney General, and William L. Gibbons, District Attorney General.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.