FILED
11/09/2023
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2023

## PUBLIC.RESOURCE.ORG ET AL. v. MATTHEW BENDER & COMPANY, INC. ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 22-1025-III      Ellen Hobbs Lyle, Chancellor**

_____

**No. M2022-01260-COA-R3-CV**

_____

W. NEAL MCBRAYER, J., concurring.

I would also affirm the dismissal of the petition for access to public records and to obtain judicial review of denial of access. But I would do so only "on the threshold issue" identified by the trial court. The trial court framed the issue as "whether Tennessee Code Annotated constitutes a document required for public access under the Public Records Act." On that threshold issue, I reach the same conclusion as the trial court and the majority. State law otherwise provides for access to Tennessee Code Annotated, so Tennessee Code Annotated is not a "state record" subject to disclosure under the Public Records Act. *See* Tenn. Code Ann. § 10-7-503(a)(2)(A) (Supp. 2023) (making all state records "open for personal inspection by any citizen of this state . . . unless otherwise provided by state law"); *see also Tennessean v. Metro. Gov't of Nashville & Davidson Cnty.*, 485 S.W.3d 857, 865 (Tenn. 2016) (recognizing Tennessee Code Annotated § 10-7-503(a)(2)(A) as "a general exception to the Public Records Act, based on state law"). The trial court recognized that resolving the threshold issue was "dispositive, making it unnecessary to decide the other two defenses asserted." Yet, "in the interest of avoiding a time-consuming and expensive remand" in the event of a reversal on the threshold issue, it also ruled on the other defenses.

There was no need to consider the other defenses. As the petitioner/appellant, David L. Hudson, Jr., and the respondent/appellee, Matthew Bender & Company, Inc., recognize, the issues on appeal all present questions of law. So the possibility of a time-consuming and expensive remand was remote. When a trial court reaches a correct result, here dismissal, but states an erroneous reason for the result, the result may be affirmed on the correct rationale if it is apparent from the record. *See Denny v. Wilson Cnty.*, 281 S.W.2d 671, 675 (Tenn. 1955). I would affirm dismissal of the petition solely because Tennessee

Code Annotated is exempt from disclosure under the Public Records Act.  It fits within the "state law" exception found in Tennessee Code Annotated § 10-7-503(a)(2)(A).

                                      s/ W. Neal McBrayer
                                      W. NEAL MCBRAYER, JUDGE