**G. E. WHITAKER et ux., Appellants,**

**v.**

**McMINN COUNTY, Appellee.**

Supreme Court of Tennessee.

March 10, 1973.

J. D. Culvahouse, Decatur, Ziegler & Guinn, Athens, for appellants.

David M. Pack, Atty. Gen., Russell G. Lazenby, Jr., Asst. Atty. Gen., Nashville, Higgins & Biddle, Athens, for appellee.

## OPINION

CHATTIN, Justice.

Appellants brought this action against appellee, "for taking private property for public use without condemnation proceedings and for damages to adjoining properties, incidental damages, and other damages," brought about by the construction of Interstate Highway I–75.

The complaint alleged appellants, in July, 1970, executed an option to the Tennessee Department of Highways for the purchase of a certain portion of their farm for the construction of Highway I–75 in McMinn County; that in the event the option was exercised by the Department it would pay appellants the sum of $9,500.00 for the land; and, also, construct an underpass for cattle to have access to appellants' land west of the highway.

The complaint further alleged the Department furnished appellants a map of the proposed construction of the underpass.

An unsigned form of an option and a purported map of the highway and underpass were filed as exhibits to the complaint.

It was alleged that at the request of the Department appellants executed and delivered a deed to the Department for the land consisting of 22.95 acres; that the Department did not construct the underpass as specified in the option and on the map furnished by the Department; and that the failure to construct the underpass as specified left appellants without ingress and egress to their land west of the Highway consisting of 25.75 acres.

Appellants averred the construction of the highway without the construction of the underpass as specified resulted in the taking of private property without condemnation, "and has caused direct and incidental damages to the lands of plaintiffs to the extent of $15,000.00."

Appellee filed a motion for summary judgment on November 17, 1971, on the ground appellants were estopped by deed from maintaining this action. The deed was filed as an exhibit to the motion.

On February 11, 1972, appellants filed a petition to amend their complaint as follows:

"The plaintiffs alleged that the consideration agreed upon by and between the plaintiffs and the agents for the Tennessee Department of Highways for the land in question was the sum of $9,500.-00 cash and the construction of the cattle pass as indicated in exhibits 'C' (option) and 'D' (map) attached thereto.

\* \* \* \* \* \*

"Said deed, however, which plaintiffs gave to the defendant in conveyance of this tract was given on the good faith assurance of defendant's agents, upon which plaintiffs relied, that said cattle pass would be constructed in accordance with the agreement of the parties and the drawing, herein submitted as Exhibit 'D'. Furthermore, the defendant's action in not constructing said cattle pass in ac-cordance with the agreement and Exhibit 'D', the defendant and its agents took plaintiffs' land by said deed under false pretenses which amounts to a fraud perpetrated upon them."

On February 18, 1972, the trial judge entered judgment denying the motion of the appellants to amend their complaint, and granted the motion for a summary judgment of appellee and dismissed the complaint.

In accordance with Rule 59.03 of the Tennessee Rules of Civil Procedure, appellants, on March 9, 1972, filed a motion to alter and amend the judgment entered on February 18, 1972, dismissing appellants' complaint.

This pleading insisted the amended complaint stated a cause of action for damages arising as a result of the breach of contract of appellee in failing to construct the underpass as specified; and that due to the partial failure of the agreed consideration for the deed appellants were entitled to damages.

The motion stated:

"Plaintiffs are very much aggreived with the court's ruling in this cause. This is a case involving partial failure of consideration, and not a case involving damage to land for which full consideration has been paid."

This motion was overruled on July 3, 1972. Thereafter appellants perfected this appeal.

Appellants insist the trial judge erred in holding the action was one based solely upon incidental damages arising out of an inverse condemnation proceeding; when, in fact, it is one based upon breach of a contract due to a partial failure of consideration.

We are of the opinion, to assure justice in this matter, we should sustain the assignment.

The record reflects the trial judge, in denying appellants' motion to amend and

granting appellee's motion for summary judgment, relied upon the case of Denny v. Wilson County, 198 Tenn. 677, 281 S.W.2d 671 (1954).

In that case, Denny and wife sued Wilson County to recover damages for a change in the grade of a right-of-way in front of their property, which they had deeded to the County.

They alleged in their declaration that when they signed the deed to the right-of-way it was represented to them the maximum limit of the grade would be 1.6 feet; that instead the grade was approximately six feet in height; and that such raise of the grade damaged their property.

The County filed a demurrer to the declaration which was sustained.

On appeal, this Court affirmed the trial judge in sustaining the demurrer and dismissing the suit.

The deed of Denny and wife to the County stated for a valuable consideration they acknowledged the consideration as being: "any and all damages which they might suffer over and above incidental benefits."

In affirming the judgment of the trial court, this Court said:

"The recital in the deed, that the consideration for it is in full of all damages that the grantor may suffer, is an estoppel and a bar against his right later to sue for such damages."

In the case at bar, it is true the deed provided:

"The consideration indicated herein ($9,500.00) is in full payment for the land described; incidental damages to remainder land, if any; * * *."

However, the original complaint alleges there was a further or other consideration for the deed than the $9,500.00; and, that is, the promise to construct an underpass for ingress and egress to appellants' land west of the highway.

■ Although a grantor is estopped by the recital in his deed from denying the consideration expressed, yet he is not estopped from showing there was another consideration other than the one expressed in the deed and the other consideration may be shown by parol evidence. Perry v. Central Southern Rail Road Co., 5 Cold 138, 45 Tenn. 138 (1867).

"Parol evidence is generally held admissible to show an agreement by the grantee to perform some act as an additional consideration." 23 Am.Jur., Deeds, Section 73, page 128.

The original complaint as amended did not state the action was for damages due to a partial failure of consideration. However, in their motion to alter and amend the judgment, they made it clear this was their insistence.

■ In the light of the foregoing, we are of the opinion the trial judge should have granted the motion and permitted appellants to amend the complaint in this respect.

Rule 15.01 requires the Court to freely grant leave to amend pleadings when justice so requires.

The judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.