Coy W. ROSE and Jeanette
Rose, Appellants,

v.

The CITY OF COVINGTON,
Tennessee, Appellee.

Supreme Court of Tennessee.

April 12, 1982.

J. Houston Gordon, Gordon & Forrester, Covington, for appellants.

William A. Peeler, City Atty., Covington, for appellee.

OPINION

FONES, Justice.

Coy Rose and wife brought this suit to rescind a sewer line easement granted to the City of Covington on the grounds of misrepresentation and for damages pursuant to the inverse condemnation statutes.

The trial court approved a jury verdict setting aside the easement upon a finding of misrepresentation and awarding a total of $17,500 in damages for reverse or inverse condemnation. The Court of Appeals reversed and remanded for a new trial upon the theory of negligent misrepresentation only. In this Court, plaintiff landowners insist that the Court of Appeals was in error in finding that rescission of the easement was not available to them, under the facts of this case, and seek to have the jury verdict reinstated.

The landowners' proof was to the effect that the city attorney represented to them that the fifteen foot easement would run along their western boundary line, from the westernmost point on Hill Street to the north line of their property; that, in fact, the sewer line ran at an angle approximate twelve degrees east of north, traversing their property a distance of approximately 232 feet, and crossed their north line sixty-

eight feet east of the northwest corner of their northernmost line.

The landowners testified that they were willing to and did give the city the easement upon their understanding that the sewer line continued north as an extension of their western property line, as it runs northward from Hill Street, because they would have sustained no damage to the remainder of their property with the easement in that location. Upon learning the true course of the sewer line during construction of the easement, plaintiffs assert that it became apparent to them that the easement had diminished the value of their property in several respects, notably in restricting the area available for construction of future buildings.

The trial court submitted to the jury the issue of whether or not the landowners were entitled to a rescission of the easement deed, and if so, instructed the jury to assess damages for inverse condemnation.

The Court of Appeals held that the easement was not subject to rescission because landowners did not act promptly upon discovery of the alleged wrong, and their actions between September 1977, when they learned of the location of the easement, and August 1978, when suit was filed, were inconsistent with the assertion of the remedy of rescission, citing Gibson's *Suits in Chancery*, 5th edition, § 993 and numerous cases.

■ While we agree with the Court of Appeals, there is an even more compelling reason why rescission is not available here. The City of Covington was entitled to the easement over plaintiff's property at the location described in the easement deed in the exercise of its right of eminent domain and the sewer line was constructed within the easement granted. The object of rescission is to return the parties to status quo, which obviously cannot be accomplished in these circumstances.

The Court of Appeals concluded that the issue of negligent misrepresentation was implicitly viable in the pleadings and proof but that neither the elements necessary for liability nor the measure of damages under that theory of recovery had been properly charged. We agree. The City of Covington did not file an application for permission to appeal and their briefs in this Court implicitly concede that plaintiffs are entitled to a new trial on the theory of negligent representation.

■ If the jury finds the city liabile for negligent misrepresentation, plaintiff's damages under the benefit of the bargain rule, will be the difference between (1) the value of the easement located where they understood it to be when they signed the deed, and the damage, if any, that it would have caused to the property remaining after the taking, and (2) the value of the easement located as called for in the deed, and the incidental damages to the remainder, if any. *See Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228 (Tenn.App. 1976), and cases cited therein.

■ Of course, the appellate courts having denied rescission, plaintiffs may also claim any damages predicated on the express terms of the easement contract. Also, the parties and the court should consider whether or not T.C.A. § 29–20–205(6) is applicable to this case and if so, its legal effect.

The judgment of the Court of Appeals is affirmed and this case is remanded to the Circuit Court of Tipton County for a new trial. Costs in this Court are adjudged against plaintiff.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.

## OPINION ON PETITION TO REHEAR

FONES, Justice.

Landowners have filed a petition for rehearing, which the Court has fully considered and respectfully denies.

Landowners assert that the decision in this case is in conflict with *Whitaker v. McMinn*, 491 S.W.2d 844 (Tenn.1973). In *Whitaker* the landowner's cause of action was predicated upon different factual circumstances and a different theory from

that involved herein. Whitaker had conveyed 22.95 acres of land to the Tennessee Department of Highways to be used in the construction of I–75 for a consideration of $9,500 and the promise that an underpass would be constructed providing ingress and egress to their lands west of the interstate. They alleged that after the deed was given and the money paid, the State failed to construct the underpass. The trial judge granted the State's motion for summary judgment on the ground that the only cause of action asserted was one for inverse condemnation that implicitly could not be maintained, the landowners having conveyed the land for a stated consideration which was paid. This Court reversed and remanded for a trial, holding only that landowners had stated a cause of action for damages predicated upon an alleged partial failure of consideration. This case does not involve a partial failure of consideration.

Next appellants ask for clarification of the following sentence in our opinion:

"Of course, the appellate courts having denied rescission, plaintiffs may also claim any damages predicated on the express terms of the easement contract."

The easement deed contains the following covenant:

"The Grantee covenants to maintain the easement in good repair so that no unreasonable damage will result from its use to the adjacent land of the Grantor, his heirs, successors and assigns, and that the Grantee will restore said land to the condition in which it was before the granting of these easements insofar as possible."

We were merely pointing out that if landowners could prove any damages "predicated on the express terms of the easement contract, such damages would be recoverable, if not included in the "benefit of the bargain rule."

Finally appellants assert that they never sought rescission. They sought to "set aside" the easement deed, so that they could recover on the theory of inverse condemnation. The trial judge charged the jury in part as follows:

"You must determine whether the easement was obtained through misrepresentation. In other words, were they misled as to where the sewer system was going to run, and, if so, should this easement be set aside?"

The trial judge charged the measure of damages for inverse condemnation. The jury set the deed aside and awarded damages for inverse condemnation. The Court of Appeals has held and we have held that that was error. Inverse condemnation is not available when the landowner has given a deed. The landowners have implicitly recognized throughout this litigation that they could not obtain relief on the grounds of inverse condemnation without setting aside the deed. In the context of this case "setting aside" the deed is synonymous with rescission of the deed and we find no merit to appellant's complaint.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.